1  BOUTIN JONES INC.
   Robert R. Rubin, SBN 117428
2  Michael E. Chase, SBN 214506
   Bruce M. Timm, SBN 199679
3  555 Capitol Mall, Suite 1500
   Sacramento, CA 95814-4603
4  (916) 321-4444

5  Attorneys for plaintiffs Blue Lake Rancheria, Blue Lake Rancheria Economic
   Development Corp. and Mainstay Business Solutions
6

7              UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9   BLUE LAKE RANCHERIA, a federally-      )
    recognized Indian Tribe; BLUE LAKE     )
10  RANCHERIA ECONOMIC DEVELOPMENT         )
    CORPORATION, a federally-chartered tribal )
11  corporation; and MAINSTAY BUSINESS     )   Case No.:
    SOLUTIONS, a federally-authorized division of )
12  Blue Lake Rancheria Economic Development )   COMPLAINT FOR DECLARATORY
    Corporation,                           )   RELIEF AND INJUNCTIVE RELIEF
13                                         )
                      Plaintiffs,          )
14                                         )
           vs.                             )
15                                         )
    MARTY MORGENSTERN, individually and in )
16  his official capacity as Secretary of the California )
    Labor and Workforce Development Agency; )
17  PAM HARRIS, individually and in her official )
    capacity as Chief Deputy Director of the )
18  Employment Development Department of the )
    State of California ("EDD"); JACK BUDMARK, )
19  individually and in his official capacity as a )
    Deputy Director of the Tax Branch of the EDD; )
20  TALBOTT SMITH, individually and in his )
    official capacity as a Deputy Director of the )
21  Unemployment Branch of the EDD; KATHY )
    DUNNE, individually and in her official capacity )
22  as a Senior Tax Compliance Representative of )
    EDD; SARAH REECE, individually and in her )
23  official capacity as an Authorized Representative )
    of the EDD; THE STATE OF CALIFORNIA; )
24  THE EMPLOYMENT DEVELOPMENT        )
    DEPARTMENT, a department of the State of )
25  California; and DOES 1 to 50, inclusive, )
                                           )
26                                         )
                                           )
27                    Defendants.          )
                                           )
28  _____ )

                        -1-
                     **COMPLAINT**

Plaintiffs BLUE LAKE RANCHERIA (the "Tribe"), BLUE LAKE RANCHERIA ECONOMIC DEVELOPMENT CORPORATION ("EDCo"), and MAINSTAY BUSINESS SOLUTIONS ("Mainstay") (collectively, "Plaintiffs") complain and allege against Defendants MARTY MORGENSTERN ("Morgenstern"), PAM HARRIS ("Harris"), JACK BUDMARK ("Budmark"), TALBOTT SMITH ("Smith"), KATHY DUNNE ("Dunne"), SARAH REECE ("Reece"), THE STATE OF CALIFORNIA (the "State"), THE EMPLOYMENT DEVELOPMENT DEPARTMENT ("EDD"), and DOES 1 to 50 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This is a civil action for declaratory and injunctive relief.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1362 because the claims arise under the Constitution and laws of the United States and include claims brought by an Indian tribe.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because jurisdiction is not founded solely on diversity of citizenship, Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## THE PARTIES

3.      Plaintiff Tribe is a federally-recognized Indian tribe located in Humboldt County, California.

4.      Plaintiff EDCo is a federally-chartered tribal corporation under Section 17 of the Indian Reorganization Act, 25 U.S.C. § 477, wholly-owned by the Tribe.  EDCo's principal and registered office is located on the tribal trust land of the Tribe in Humboldt County, California.

5.      Plaintiff Mainstay, a division of EDCo, is an employee staffing organization with its principal and registered office located on the tribal trust land of the Tribe in Humboldt County, California.

6.      Defendant Morgenstern is the Secretary of the California Labor and Workforce Development Agency.

7.      Defendant Harris is the Chief Deputy Director of the EDD.

8.      Defendant Budmark is the Deputy Director of the Tax Branch of the EDD.

404251.1

9.      Defendant Smith is the Deputy Director of the Unemployment Branch of the EDD.

10.      Defendant Dunne is a Senior Tax Compliance Representative of EDD.

11.      Defendant Reece is an Authorized Representative of the EDD.

12.      Defendant State is a state within the United States of America, with its capital located in Sacramento, California.

13.      Defendant EDD is a department of Defendant State.

14.      Upon information and belief, each Defendant has direct responsibility for the enforcement of the unlawful collection activities, as alleged below.

15.      The true names and capacities of Defendants Does 1 to 50, inclusive, are unknown to Plaintiffs, who therefore sues said Defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as "DOE" is legally responsible in some manner for the events and happenings herein referred to, and proximately caused injuries and damages to Plaintiffs, as herein alleged.  Plaintiffs will amend this complaint to allege the true names and capacities of these fictitiously-named Defendants when ascertained by Plaintiff.

16.      At all times relevant to this action, each Defendant was the agent, servant, employee, partner, joint venturer, or surety of every other Defendant, and was acting within the course and scope of such agency, employment, partnership, venture, or suretyship, with the knowledge and consent or ratification of each of the other Defendants in doing the things alleged herein.

## FACTUAL BACKGROUND

17.      The Tribe is governed by a Constitution, adopted under the Indian Reorganization Act, 25 U.S.C. § 476, and approved by the Secretary of the United States Department of Interior (the "Secretary").  Under the Tribe's Constitution, the Tribe's governing body is its five member Business Council, with certain powers reserved to the Tribe's General Council, which is made up of the Tribe's voting members.

18.      In May 2003, the Tribe formed Mainstay as an unincorporated enterprise or division of the Tribe to operate an employee leasing and staffing business.

19.      EDCo was chartered pursuant to a Federal Charter of Incorporation issued by the Secretary on December 29, 2004, pursuant to 25 U.S.C. § 477.  A copy of the EDCo Corporate

1   Charter is attached hereto as **Exhibit 1** and is fully incorporated herein.  The Tribe ratified the

2   EDCo Charter on January 31, 2005.

3         20.    In or about 2006, the Tribe placed Mainstay under the control of EDCo, pursuant to

4   Article VIII, section E, of the EDCo Corporate Charter and tribal law.

5         21.    As a federally recognized Indian tribe, the Tribe enjoys tribal sovereign immunity,

6   arising under federal law, from suit except in such instances where the United States Congress

7   ("Congress") has expressly authorized suit or where the Tribe has expressly waived sovereign

8   immunity.  Tribal sovereign immunity extends to actions undertaken by the State, such as the

9   collection actions alleged herein, to enforce state laws against the Tribe.  EDCo and Mainstay are

10   both "arms of the tribe" within the meaning of federal law and therefore enjoy the same sovereign

11   immunity as the Tribe.

12         22.    From 2003 through on or about April 13, 2011, Mainstay operated a temporary and

13   direct staffing business which placed employees on a temporary or permanent basis with

14   companies throughout California and other states.  In early 2011, Mainstay had approximately 150

15   corporate employees and placed approximately 8,000 employees with its client companies.

16         23.    Defendant EDD operates the State's Unemployment Insurance ("UI") Program.

17   The State's UI Program is a part of the federal-state program authorized by federal statute and

18   executed through state law, which provides benefits to qualified unemployed workers in the State

19   of California.

20         24.    From approximately June 17, 2003 to August 24, 2010, Mainstay was a

21   "reimbursing employer" under the California UI Program.  A reimbursing employer reimburses

22   the actual amount of unemployment insurance payments paid to the reimbursing employer's

23   former employees, including extended benefits available under state or federal law.

24         25.    Over the course of the past few years, Defendants have sought contributions from

25   Mainstay for amounts that they claim were paid by Defendants as unemployment insurance

26   payments to former Mainstay employees, while Mainstay was a reimbursing employer.  When

27   Mainstay noticed that Defendants were improperly seeking contributions for payments that were

28   made by Defendants to persons who were not former Mainstay employees and for erroneously

computed contributions, Mainstay brought these serious errors to Defendants' attention. Defendants failed to correct the errors and instead sought alleged unpaid contributions, together with penalties and interest, from Plaintiffs in the amount of approximately $18,200,000.00.

26.     Since approximately February 2009, Mainstay had been working with Defendants to correct the errors and determine the proper amount paid by Defendants to former Mainstay employees.  Since June 5, 2006 Mainstay paid $24,188,967.73 to Defendants as a partial reimbursement.  Upon information and belief, due to Defendants' errors, Mainstay contends that, if any amount was owed and not reimbursed to Defendants, the true amount would be substantially less than $18,200,000.00.

27.     On and after August 24, 2010, Mainstay became a "rated employer" which pays an unemployment insurance tax to Defendants based on its claims experience, regardless of the amount actually paid in unemployment insurance benefits to its former employees.  Since becoming a rated employer, Mainstay has paid its unemployment insurance taxes on time and in full.

28.     Upon information and belief, beginning on or about April 7, 2011, without prior notice or an opportunity for any hearing, Defendants began serving approximately 250 Notices of Levy, pursuant to the California Unemployment Insurance Code ("UI Code") § 1755, on Mainstay client companies and financial institutions including Coldwell Banker Real Estate and LWF Home Care, Inc., and recorded Notices of State Tax Lien, pursuant to the California Government Code § 7171, against the Tribe, EDCo and Mainstay in various California counties, including the Counties of Sacramento, Humboldt, Los Angeles, Orange, San Diego, Alameda, Monterey, San Bernardino, Fresno, Solano, San Joaquin, Riverside and Santa Clara, and with the California Secretary of State. Copies of the Notices of Levy to Coldwell Banker Real Estate and LWF Home Care, Inc., and copies of the Notices of State Tax Lien referred to above are attached hereto as **Exhibit 2**.

29.     Federal law authorizes the lawful means by which Defendants could assure payment of Mainstay's unemployment insurance contributions.  Defendants elected not to avail themselves of any of those lawful means.  Upon information and belief, Defendants' conduct, as herein alleged, including the recording of Notices of State Tax Lien and issuance of Notices of

1  Levy, constitute unlawful collection actions, under federal law, which are ongoing as to the Tribe,

2  EDCo, and Mainstay.

3     30.   As a result of these actions Mainstay has been forced to discontinue business

4  operations.  Mainstay has been forced to breach its contracts with its company clients and has been

5  unable to pay its employees, including the employees placed with its client companies.  On April

6  13, 2011, Mainstay announced publicly that it had ceased operations.

7     31.   Defendants' collection actions, as alleged herein, violate the tribal sovereign

8  immunity and inherent tribal authority of the Tribe, EDCo and Mainstay, and unlawfully

9  encumber tribal lands and other tribal assets, both on and off reservation, without consent of the

10  Plaintiffs, in violation federal law, including 25 U.S.C. § 476.

11    32.   The Tribe's Constitution requires that any waiver of sovereign immunity must be

12  approved by a two-thirds vote of the General Council.  The federal charter of incorporation issued

13  to the Tribe allows EDCo's Board of Directors ("Board") to waive the sovereign immunity of

14  EDCo or its corporate divisions, such as Mainstay, but only by a resolution adopted by the Board

15  and not by any other corporate officer or by any other means.  Neither the Tribe, nor EDCo, nor

16  Mainstay has waived its sovereign immunity with respect to any unemployment insurance

17  contributions, tax or assessment imposed or collection actions taken by Defendants.

18    33.   Congress has not acted to abrogate the Tribe's sovereign immunity with regard to

19  unemployment insurance taxes or assessments imposed by Defendants.

## FIRST CLAIM FOR RELIEF

**(Declaratory Relief as to all Defendants)**

22    34.   Plaintiffs incorporate by reference, as though fully set forth herein, each paragraph

23  alleged in this Complaint.

24    35.   An actual controversy has arisen and now exists between Plaintiffs and Defendants

25  concerning the parties' respective rights and duties, for which Plaintiffs require a declaration of

26  rights pursuant to 28 U.S.C. § 2201.

27    36.   A declaratory judgment is necessary in that Plaintiffs contend that Defendants'

28  ongoing collection actions, as alleged herein, violate Plaintiffs' tribal sovereign immunity arising

404251.1

under federal law, and unlawfully encumber tribal lands, and other tribal assets, both on and off reservation, without consent of the Plaintiffs, in violation federal law, including 25 U.S.C. § 476. Defendants, on the other hand, contend that their ongoing collection activities do not violate Plaintiffs' sovereign immunity or any other federal law.

37.     Plaintiffs desire a judicial determination of their rights and duties, and a judgment declaring that Defendants' collection actions, as alleged herein, violate Plaintiffs' tribal sovereign immunity and unlawfully encumber tribal lands and other tribal assets, both on and off reservation, without consent of the Plaintiffs.

**<u>SECOND CLAIM FOR RELIEF</u>**

**(Injunctive Relief as to all Defendants)**

38.     Plaintiffs incorporate by reference, as though fully set forth herein, each paragraph alleged in this Complaint.

39.     Defendants' ongoing unlawful collection actions, as alleged herein, unless and until enjoined and restrained by this Court, will cause great and irreparable injury to Plaintiffs.

40.     Because Plaintiffs' remedy at law is inadequate, Plaintiffs are entitled to preliminary and permanent prospective injunctive relief, pursuant to 28 U.S.C. § 2202, prohibiting Defendants' ongoing violations of federal law.

41.     Specifically, Plaintiffs seek an order enjoining further collection activities by Defendants, as alleged herein, compelling Defendants to notify all parties it has served with a Notice of Levy or Notice of State Tax Lien that the liens and levies are released, cancelled and withdrawn, compelling Defendants to record a State Tax Lien Release in each and every county in which such a lien was recorded and with the California Secretary of State, and compelling Defendants to return to Mainstay any funds Defendants have received in response to the service of said levy notices.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.     For an order declaring that Defendants' collection actions, as alleged herein, violate the tribal sovereign immunity and inherent tribal authority of the Tribe, EDCo and Mainstay, and

1  unlawfully encumber tribal lands and other tribal assets, both on and off reservation, without

2  consent of the Plaintiffs, in violation of federal law, including 25 U.S.C. § 476.

3        2.      For preliminary and permanent injunctive relief as follows:

4            (a) directing Defendants to cease and desist all collection activities against Plaintiffs,

5  as herein alleged;

6            (b) compelling Defendants to notify all parties it has served with a Notice of Levy or

7  Notice of State Tax Lien that the liens and levies are released, cancelled and withdrawn;

8            (c) compelling Defendants to record a State Tax Lien Release in each and every

9  county in which such a lien was recorded and with the California Secretary of State; and

10            (d) compelling Defendants to return to Mainstay any funds EDD has received in

11  response to the service of said notices.

12        3.      For attorneys' fees in an amount to be determined at trial;

13        4.      For costs of suit herein incurred; and

14        5.      For such other and further relief as the Court may deem proper.

15  Dated:  April 26, 2011

16            BOUTIN JONES INC.

17

18            By: _____*/s/ Robert R. Rubin*_____
                 Robert R. Rubin

19

20            Attorneys for Plaintiffs Blue Lake Rancheria, Blue
          Lake Rancheria Economic Development Corp. and

21            Mainstay Business Solutions

22

23

24

25

26

27

28

404251.1

**Exhibit 1**



# United States Department of the Interior

BUREAU OF INDIAN AFFAIRS
Pacific Regional Office
2800 Cottage Way
Sacramento, California 95825

IN REPLY REFER TO:

JAN 2 4 2005

Claudia Brundin, Chairperson
Blue Lake Rancheria
P. O. Box 428
Blue Lake, CA 95525

Dear Ms. Brundin:

Congratulations! We are pleased to inform you that the Acting Assistant Secretary - Indian Affairs has approved the Federal Charter of Incorporation for the Blue Lake Rancheria Economic Development Corporation on December 29, 2004.

Please be advised that the Federal Charter of Incorporation for the Blue Lake Rancheria Economic Development Corporation shall become effective on the date of ratification by the Tribal Council of the Blue Lake Rancheria. Upon ratification of the Charter, please provide this office with three (3) clear copies of the original resolution of ratification. Furthermore, nothing in this approval shall be construed as authorizing any action that would be contrary to Federal law.

We have enclosed the original Acting Assistant Secretary - Indian Affairs' letter dated December 29, 2004 and the original Federal Charter of Incorporation for the Blue Lake Rancheria Economic Development Corporation signed by the Acting Assistant Secretary - Indian Affairs for your safekeeping.

If you have any questions, please contact Fred Doka Jr., Tribal Operations Officer, at (916) 978-6067.

Sincerely,

Regional Director

Enclosures

cc: Acting Assistant Secretary - Indian Affairs
    Regional Solicitor, Pacific Southwest Regional Office
    Superintendent, Northern California Agency

TAKE PRIDE®
IN AMERICA

RECEIVED

JAN 3 1 2005

BLUE LAKE RANCHERIA



## United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, D.C. 20240

**DEC 29 2004**

Clay Gregory, Acting Regional Director
Pacific Regional Office
Bureau of Indian Affairs
2800 Cottage Way
Sacramento, CA 95825

Dear Mr. Gregory:

We have completed our review of the proposed Charter of Incorporation for the Corporate Charter of the Blue Lake Rancheria Economic Development Corporation, (Corporation) submitted by the Blue Lake Rancheria Business Council of California (Council). The proposed Charter was accompanied by a Resolution No. 03-10 enacted by the Council on June 17, 2003, requesting the Secretary of the Interior (Secretary) approve the Charter of Incorporation of the Council pursuant to Section 17 of the Indian Reorganization Act of June 18, 1934 (48 Stat. 984), as amended.

The proposed Charter of Incorporation of the Corporation, State of California, does not contain any provision that is contrary to applicable federal law. As evidenced by my signature on the Certificate of Approval, the enclosed Federal Charter of Incorporation of the Corporation of California is hereby approved. It shall become effective on the date of ratification by the Blue Lake Rancheria Business Council. Nothing in this approval shall be construed as authorizing any action that would be contrary to federal law.

Upon ratification of the Charter by the Council, please provide this office with three (3) copies of the original document, including the resolution of ratification. Please deliver the enclosed approved original of the Charter of Incorporation to the Council for safekeeping.

Sincerely,

Mike Ola

ACTING Assistant Secretary – Indian Affairs

Enclosure

# FEDERAL CHARTER OF INCORPORATION

### Issued by

## THE UNITED STATES OF AMERICA
## DEPARTMENT OF THE INTERIOR
## BUREAU OF INDIAN AFFAIRS

### To the

### Blue Lake Rancheria of California

### For the

### Blue Lake Rancheria Economic Development Corporation (BLREDCO)

A federally chartered tribal business corporation

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RECITALS

WHEREAS, the Congress of the United States has enacted the Indian Reorganization Act of 1934, as amended, 25 U.S.C. 461 et seq., which, in Section 17 thereof (25 U.S.C. 477), authorizes the Secretary of the Interior to issue a federal corporate charter to an Indian tribe; and

WHEREAS, the Blue Lake Rancheria, California (Tribe) is a federally recognized Indian tribe organized pursuant to its inherent tribal sovereignty and recognized by the Internal Revenue Service as an Indian Tribal Government under the Tribal Governmental Tax Status Act. (26 U.S.C. § 7871 et seq.); and

WHEREAS, pursuant to Article V, Section 5 of the Constitution of the Blue Lake Rancheria, the Business Council (Business Council) is the governing body of the Tribe; and

WHEREAS, on June 11, 2003, the Business Council petitioned the Secretary of the Interior to issue a federal charter of incorporation to the Tribe to establish a business corporation as authorized by Section 17 of the Indian Reorganization Act; and

WHEREAS, the Business Council has found that the formation of the Blue Lake Rancheria Economic Development Corporation pursuant to a § 17 Charter will serve the best interests of the Tribe, its members and its enterprises and will protect the political integrity, economic security and health and welfare of the Tribe and its members by, among other things, 1) creating a legal structure which provides for the segregation of tribal governmental assets and liabilities from tribal business assets and liabilities, and 2) creating a legal structure which provides for the segregation of discrete Corporation assets and liabilities into separate Corporation subdivisions, without divesting either the Corporation or the tribe of the privileges and immunities arising pursuant to their legal status under federal and Tribal law; and

i

WHEREAS, the tribal constitution does not include an impairment of contracts clause and the Tribe desires, by and through the § 17 Charter of the Corporation, to provide assurance to business associates that the Corporation may enter into contracts without the Tribe subsequently enacting laws materially impairing such contracts other than as necessary to protect health or safety within the jurisdiction of the Tribe; and WHEREAS, the terms and provisions of this Charter were approved by the Business Council on June 11, 2003, pursuant to Resolution No. 03-10; and WHEREAS, all of the legal prerequisites to the issuance of this charter have been fulfilled;

NOW, THERFORE, I ___David Anderson___, Assistant Secretary - Indian Affairs, by virtue of the power conferred upon the Secretary of the Department of the Interior delegated to me, do hereby issue this CHARTER OF INCORPORATION to the Blue Lake Rancheria, State of California, for the Blue Lake Rancheria Economic Development Corporation to be operative when ratified by the governing body of the Blue Lake Rancheria.

## ARTICLE I. – NAME

The name of the Corporation is Blue Lake Rancheria Economic Development Corporation (BLREDCO and otherwise referred to as the Corporation).

## ARTICLE II. - PRINCIPAL OFFICE AND REGISTERED OFFICE

A. Principal Office.  The principal office of the Corporation shall be located on tribal trust land in Humboldt County.  The Corporation may have such other offices, either within or without tribal trust lands, as the Board of Directors of the Corporation (Corporate Board) may designate or as the business of the Corporation may require from time to time.

B. Registered Office. The registered office of the Corporation may be, but need not be, identical with the principal office of the Corporation. The registered office may be changed from time to time by the Corporate Board.  In all events the registered office of the Corporation shall be located within tribal trust land.

## ARTICLE III. - AUTHORITY FOR CHARTER

The Corporation is organized, incorporated and chartered under the laws of the United States as a federally chartered tribal business corporation under 25 U.S.C. § 477, as amended, and shall have the powers, privileges and immunities granted by that statute embodied in this Charter.

## ARTICLE IV. - STATUS OF CORPORATION

A.   The Corporation is a legal entity wholly owned by the Tribe, but is a distinct entity other than the Tribe. The activities, transactions, obligations, liabilities and property of the Corporation are not those of the Tribe; provided, that the Corporation may act on behalf of the Tribe in the circumstances and to the extent specified in Section VIII.G. (ii).

2

B.  Nothing in this Charter of Incorporation shall be deemed to waive, or to permit the Corporation to waive, the sovereign immunity of the Tribe.

C.  The Corporation shall have the same immunity, from taxation under federal law as the Tribe, but shall be subject to tribal taxes where applicable.

D.  The Corporation shall be subject to tribal law.

## ARTICLE V. - OWNERSHIP OF THE CORPORATION

A.  The Corporation shall be wholly owned by the Tribe for the benefit of the Tribe and its members.

B.  The Tribe shall be the sole owner of the Corporation. No individual or legal entity other than the Tribe shall acquire any shares in the Corporation and no interest in the Corporation may be voluntarily or involuntarily sold, transferred, pledged or hypothecated.

C.  All rights of the Tribe as owner of the Corporation shall be exercised by the Business Council in accordance with this Charter and applicable tribal law. No individual member of the Business Council or individual member of the Tribe or any other person whomsoever shall be recognized as acting as or on behalf of the Tribe as owner.

D.  The sole right and authority to represent the Tribe as owner of the Corporation shall be vested in the Business Council. Matters within the scope and legal authority of the Tribe as owner of the Corporation shall only be decided by the Business Council.

## ARTICLE VI. - DURATION OF CORPORATION

The duration of the Corporation is perpetual, or until this Charter is revoked or surrendered by Act of Congress, pursuant to 25 U.S.C. § 477, as amended.

## ARTICLE VII. - CORPORATE PURPOSES

The purposes for which the Corporation is organized are:

A.  To engage in, carry on and conduct any type of lawful business, enterprise or venture in which federal corporations chartered pursuant to 25 U.S.C. § 477, as amended, may engage;

B.  To provide for the efficient and effective utilization of the resources of the Tribe in a manner which protects the long-term interests of the Tribe;

C.  To promote the economic development of the Tribe;

D.  To accomplish the segregation of tribal governmental assets and liabilities from corporate assets and liabilities; and

3

E.  To provide a vehicle for the Tribe to accomplish the financing of projects used in the provision by the Tribe of essential governmental services in the circumstances and to the extent specified in Section VIII.G. (ii).

## ARTICLE VIII. - CORPORATE POWERS

Subject to applicable federal law, the Corporation is authorized and empowered to exercise the following powers:

A. To conduct its business or carry on its operations within or without the boundaries of the Blue Lake Rancheria.

B. To sue or, as further provided in this Article VIII. B, be sued in its corporate name. In granting the Board this power to be sued, the Business Council does not intend to waive the Corporation's sovereign immunity from suit.  Rather, the Tribe hereby authorizes the Board of Directors, and no other corporate officer, employee or agent, to authorize waivers of the Corporation's sovereign immunity as set out herein. Waivers of the Corporation's sovereign immunity from suit must be considered by the Board on a transaction by transaction basis.  In order to waive the Corporation's sovereign immunity, the Board must take official action on each proposed waiver and by resolution set the conditions, terms, and limits of the Corporation's waiver of immunity for that transaction. Nothing in this Charter shall be construed, interpreted or implied to have waived the sovereign immunity of the Corporation except as explicitly set out above.

C. To purchase, take by gift, bequest, lease or otherwise and to own, hold, manage, operate, use and otherwise deal in and with real or personal property of every description or any interest therein, wherever situated, including the power to purchase land and issue in exchange therefore interests' in corporate property; provided, that the title to any real property acquired by the Corporation may be put into federal trust status for the Tribe whenever possible under federal law.

D. To sell, convey, mortgage, assign pledge, lease as lessor or lessee, exchange, transfer or otherwise dispose of all or any part of its corporate property or assets in accordance with tribal law and this Charter; provided, that the Corporation has no authority to sell, mortgage or lease as lessor any property of the Tribe without the express consent of the Business Council given in the specific instance; provided further, that the previous exception shall not prevent the Corporation from mortgaging or subleasing any leasehold interest that the Corporation may have as lessee of any property, of the Tribe subject to Article IX.A.5; provided further, that in no event may the Corporation lease any trust property of the Tribe, or any Corporation interest therein, for a term or terms longer than that permitted by law, including the regulations at 25 CFR Part 161, as those laws now read or as they, or any successor laws, may read in the future.

E. To create subdivisions of the Corporation for the purpose of legally segregating the assets and liabilities of discrete business endeavors of the Corporation regardless of common directorship; provided, that each such subdivision shall have the rights and privileges granted by and be subject to the limitations of this Charter.

4

F. To enter into and make contracts of every kind and nature with any person, firm, association, corporation, municipality, nation, Indian tribe, state or body politic, without the approval of the Tribe or the Secretary of the Interior, except when tribal law or the use of trust or federally-restricted Indian property requires such approval.

G. (i) Subject to the limitations imposed by Section B of this Article, to incur debts and raise, borrow and secure the payment of any money on its own behalf in any lawful manner, including the issue and sale or other disposal of stocks, bonds, indentures, obligations, negotiable and transferable instruments and evidence of indebtedness of all kinds, whether secured by mortgage, pledge, deed of trust or otherwise, without the approval of the Tribe or the Secretary of the Interior, except when tribal law or the use of trust or federally-restricted Indian property requires such approval.

(ii) The Corporation is also empowered to exercise those powers described in part (i) of this paragraph on behalf of the Tribe, provided, however, any such borrowing to finance or refinance property used or to be used by the Tribe in the provision of an essential governmental function within the meaning of Section 7871 of the Internal Revenue Code of 1986, as amended, shall be subject to the following restrictions:

1. any such borrowing shall be to finance or refinance property used or to be used by the Tribe in the provision of an essential governmental function within the meaning of Section 7871 of the Internal Revenue Code of 1986, as amended;

2. each such borrowing shall be approved by the Business Council prior to its incurrence;

3. each such borrowing shall be payable solely from (a) that property and income identified and pledged thereto by the Corporate Board pursuant to Section B of this Article, whether or not such property or income is derived from property financed in whole or in part with, the proceeds of such borrowing, or (b) all or any part of the revenues of the Tribe specifically allocated to the corporation by the Business Council for the purpose of paying or securing such borrowing; and

4. no such borrowing shall create an obligation of the Tribe or constitute a waiver of the sovereign immunity of the Tribe, nor shall the Tribe be liable thereon other than to the extent specifically provided in accordance with this Section G. (ii), and such limitation shall be expressly stated in each such borrowing.

H. To apply for, obtain, register, purchase, lease or otherwise acquire, own, hold, use, operate and introduce, and to sell, assign or otherwise dispose of any trademark, trade name, patent, invention, improvements and processes used in connection with or secured under letters patent, and to use, exercise, develop, grant and give licenses in respect thereto.

I. To apply for, purchase or acquire by assignment, transfer or otherwise, and to exercise, carry out and enjoy any license, power, authority, franchise, concession, right or privilege which any government or authority or any corporation or other public body may be empowered to enact, make, or grant and, subject to the limitations imposed by Section B of this Article, to pay

for and to appropriate any of the Corporation's assets to defray the necessary costs, charges and expenses thereof.

J. To distribute all revenues of the Corporation to: (i) defray corporate obligations, including tribal taxes; (ii) make dividend payments to the Tribe as owner of the Corporation; and (iii) establish and invest in a suitable capital reserve fund; provided, that the Corporate Board shall endeavor at all times to manage and operate the Corporation with the objective of minimizing expenses and maximizing benefit to the Tribe.

K. To employ or appoint employees and agents of the Corporation and define their duties and fix their compensation.

L. To lend money for its corporate purposes, invest and reinvest its funds and take and hold real and personal property as security for the payment of funds so lent and invested.

M. To adopt and amend bylaws for the regulation of the internal affairs of the Corporation (Corporate Bylaws) consistent with this Charter without the approval of the Secretary of the Interior.

N. To pay pensions and establish pension plans, pension trusts, profit-sharing plans, and other incentive plans for any or all of its directors, officers and employees.

O. To obtain a certificate of authority to transact business in any of the United States as a foreign corporation and to comply with applicable state law governing foreign corporations.

P. To have and exercise all lawful powers incidental, necessary or convenient to effect any or all of the purposes for which the Corporation is organized.

## ARTICLE IX. - LIMITATIONS ON CORPORATE POWERS

A. The Corporation shall have no power:

1. To enter into any agreement of any kind on behalf of the Tribe, either expressly or by implication, [other than in the circumstances and to the extent specified in Section VIII.G. (ii);]

2. To pledge the credit of the Tribe;

3. To dispose of, assign, pledge, or otherwise encumber real or personal property of the Tribe other than the Corporation's interests therein;

4. To waive any right, privilege or immunity of, or release any obligation owed to, the Tribe; or,

5. To enter into any sublease or other encumbrance or instrument respecting lands leased to the Corporation by the Tribe without the express written approval of the Business Council.

B.  Nothing in this Charter, and no action taken by the Corporation pursuant to this Charter, shall be construed as permitting, recognizing, or granting any state or any political subdivision thereof any regulatory jurisdiction or taxing jurisdiction over the property or activities of the Corporation or its employees located within the boundaries of the Tribe's trust lands of the Blue Lake Rancheria.

## ARTICLE X. - OWNER OF THE CORPORATION

A.  Sole Owner: Owner Action.  The sole owner of the Corporation is the Tribe; the owner shall be represented by and act through the Business Council pursuant to tribal law.

B.  Voting.  At all meetings of the owner relative to the Corporation, the members of the Business Council shall, where applicable, act in their capacity as the representatives of the sole owner of the Corporation and not in their capacity as members of the Corporate Board. The decision of the majority of the members of the Business Council, voting at any duly called and noticed meeting at which a quorum is present, shall, be the decision of the Business Council in exercise of its authority as representative of the sole owner of the Corporation.

## ARTICLE XI. - CORPORATE BOARD OF DIRECTORS

A.  Management Authority.  The business affairs of the Corporation shall be managed exclusively by the Corporate Board of Directors.  The Business Council shall have no authority to direct the business affairs of the Corporation, except through its status as the representative of the owner of the Corporation and as provided in this Charter.

B.  Number and Qualifications.  The number of Directors shall be not less than three (3) and not more than nine, (9), at least one (1) of whom shall be a member of the Business Council. The number shall be fixed by the Bylaws, which must be adopted and amended by a 2/3 vote of the full Corporate Board, and must not conflict with this Charter.

1.  The Business Council, as Incorporators of this Corporation, shall establish the interim number of Corporate Board Members and appoint the first Board of Directors.

2.  The Board of Directors shall select and nominate subsequent Directors subject to final approval by the Business Council.

3.  The Corporate Board and the Business Council must give preference in the appointment of Directors to persons who have a commitment to tribal economic development and backgrounds, experience and expertise in related or relevant areas of business, finance or merchandising. The majority of the Board of Directors members shall be Tribal members.

C.  Term.  The term of Directors shall be established in the Bylaws, provided that the term shall not exceed three (3) years, except for the Business Council member Director who shall serve at the pleasure of the Corporate Board and during his or her term on the Business Council. Terms of Corporate Board members may be adjusted to provide staggered terms. There is no limit to the number of terms a Corporate Board member may serve.

D. Duties of Board of Directors. The Corporate Board shall manage the general affairs and business of the Corporation. The Corporate Directors may adopt such rules and regulations for the conduct of their meetings and the management of the Corporation as they may deem proper as long as such rules or regulations are not inconsistent with this Charter, the Corporate Bylaws and applicable tribal or federal law. A Corporate Director's duties shall be performed in good faith, in a manner the Corporate Director believes to be in or not opposed to the best interests of the Corporation, and with such care as an ordinarily prudent person would use under similar circumstances in a like position. In performing such duties, a Corporate Director shall be entitled to rely on factual information, opinions, reports or statements, including financial statements and other financial data, in each case prepared or presented by:

1. one or more officers or employees of the Corporation whom such Corporate Director reasonably believes to be reliable and competent in the matters presented;

2. legal counsel, public accountants or other persons as to matters which such Corporate Director reasonably believes to be within such person's professional or expert competence; or

3. a committee of the board upon which such Corporate Director does not serve, duly designated in accordance with a provision of the Corporate Bylaws, as to matters within its designated authority, which committee such Corporate Director reasonably believes to merit confidence;

provided, that a Corporate Director shall not be considered to be acting in good faith if such Corporate Director has knowledge concerning the matter in question that would cause such reliance to be unwarranted.

H. Liability of Corporate Directors. A Corporate Director shall not be personally liable to the Corporation or to the owner of the Corporation for monetary damages for breach of fiduciary duty as a Corporate Director unless:

1. the Corporation Director has breached or failed to perform the duties of theCorporate Director's office; and

2. the breach of failure to perform constitutes willful misconduct or recklessness.

I. Notice of Meetings. Notice of meetings, other than the regular annual meeting, shall be given by service upon each Corporate Director in person orally at a preceding meeting, or by mailing to the last known post office address of the Corporate Director, at least three days before the date therein designated for such meeting, including the day of mailing, of a written or printed notice thereof specifying the time, and place of such meeting, and the business to be brought before the meeting. No business other than that specified in such notice shall be transacted at any special meeting. At any meeting at which at least three-fourths (3/4) of the members of the full Corporate Board as established in the Bylaws shall be present, although held without notice, any business may be transacted which might have been transacted if the meeting had been duly called.

8

J. Quorum. A quorum of the Corporate Board of Directors for the purpose of conducting business shall consist of a majority of the full board. The Chairperson shall count towards the establishment of a quorum. In the event of a quorum riot being present, a lesser number may adjourn the meeting from time to time without further notice.

K. Voting. At a meeting of the Corporate Board, each Corporate Director, including the Chairman, shall have one vote.

L. Meeting Options. Except as otherwise restricted by the Corporate Bylaws, members of the Corporate Board or any committee designated thereby may participate in a meeting of the Board or committee by means of a conference telephone call or similar communications equipment by which all persons participating in the meeting can hear each other at the same time; participation by such means shall constitute presence in person at a meeting. Except as otherwise restricted in the Corporate Bylaws, any action required or permitted to be taken at a meeting of the Corporate Board may be taken without a meeting if a consent in writing, setting forth the action so taken, shall be signed by all of the Corporate Directors, and the consent shall have the same effect as a unanimous vote.

M. Presumption of Assent. A Corporate Director who is present at a meeting of the Corporate Board at which action on any corporate matter is taken shall be presumed to have assented to the action taken, unless such dissent shall be entered in the minutes of the meeting or unless the Corporate Director shall file a written dissent to such action with the person acting as the secretary of the meeting before the adjournment thereof or shall forward such dissent by registered mail to the secretary of the Corporation immediately after the adjournment of the meeting. Such right to dissent shall not apply to a Corporate Director who voted in favor of such action.

N. Corporate Director Compensation. Corporate Directors shall receive such expense reimbursement, salary or compensation as may be determined by the Corporate Board as provided in the Corporate Bylaws.

O. Resignation and Removal of Corporate Directors. The rules for the resignation, removal, retirement or electoral defeat of any Corporate Director shall be as set forth in the Bylaws.

Corporate Directors seated pursuant to Section B (2) of this Article shall be subject to removal from office by the Board for;

1. failing to attend more than three consecutive regularly scheduled properly noticed meetings; unless, a non-interested majority of the Corporate Directors specifically consent to the absence or missed vote; or

2. gross misconduct; or

3. becoming physically or mentally incapable of performing his or her duties.

9

The removal of any member of the Corporate Board seated pursuant to Section B (2) of this Article and subject to removal shall follow the process for removal as established in the Bylaws.

P. **Vacancies.** Whenever any vacancy shall occur in the Corporate Board, by death, resignation, removal or otherwise, the same shall, as applicable, be filled either by the filling of the corresponding vacancy in the board or by appointment by the board as directed in the Corporate Bylaws.

### ARTICLE XII. – OFFICERS

A. **Number and Positions.** The officers of the Corporation shall be, the Chairperson, the Vice-Chairperson, the Secretary, and the Treasurer. Any two or more offices may be held by the same person, except the offices of Chairperson and Secretary. The Corporate Board may, by resolution, add additional officer positions at any time and appoint persons to fill such positions.

B. **Election.** All officers of the Corporation shall be elected annually by the Corporate Board at its meeting held immediately after the annual meeting, and shall hold office for the term of one year or until their successors are duly elected.

C. **Initial Officers.** The initial officers of the Corporation shall be selected by the Corporate Board within 20 days of the appointment of the initial Corporate Board under Section XI.C.

D. **Duties of Officers.** The duties and powers of the officers of the Corporation shall be as provided in the Corporate Bylaws.

E. **Compensation.** The officers shall receive such expense reimbursement, salary or compensation as may be determined by the Corporate Board.

F. **Resignation and Removal of Officers.** Any officer may resign his or her position as an officer of the Corporation (without, if applicable, resigning as a Corporate Director) at any time by giving written notice to the Chairperson of the Corporate Board. Such resignation shall be effective on the date specified in the notice. Anyone or more of the officers may be removed either with or without cause, at any time, by a majority vote of the Corporate Board, at any special meeting called for that purpose or at the annual meeting.

G. **Vacancies.** All vacancies in any office shall be filled by the Corporate Board for the unexpired portion of the term without undue delay at its regular meeting or at a special meeting called for that purpose.

### ARTICLE XIII. – INDEMNIFICATION

The Corporation shall indemnify any current or former Corporate Director, officer or employee against reasonable expenses actually and necessarily incurred by such person in connection with the defense of any action, suit, or proceeding in which such person is made a party by reason of being, or having been, such Corporate Director, officer or employee of the Corporation and the reasonable costs of settlement of any such action or proceeding, if a majority

of Corporate Board members not seeking indemnification or otherwise involved in the controversy shall determine in good faith that:

1. such person did not act, fail to act, or refuse to act willfully or with gross negligence or with fraudulent or criminal intent; and

2. any legal fees paid or any settlements made are reasonable; and

3. the person seeking indemnification did not act beyond the scope of his or her employment or office; and

4.      it is in the best interests of the Corporation that indemnification be made.

## ARTICLE XIV. – DIVIDENDS

A.   The Corporate Board may declare dividends from the surplus profits of the Corporation whenever, in its opinion, the condition of the Corporation's affairs will render it expedient for such dividends to be declared; provided, that no distribution may be made if either:

1. the Corporation would not be able to pay its debts as they become due in the usual course of its business; or

2. the Corporation's total assets would be less than the sum of its total liabilities.

B.   All dividends declared by the Corporate Board shall be paid to the Tribe as the owner of the Corporation.

## ARTICLE XV. - REPORTS TO OWNER

A.   The Corporation shall maintain its financial records in conformity with generally accepted accounting principles.

B.   No less frequently than annually, the Corporate Board shall report in writing to the Business Council on the financial and operating condition of the Corporation, including the assets and liabilities of the Corporation and the official actions of the Corporation's officers.

C.   The Corporate Board shall prepare a budget and submit it to the Business Council for review and approval not less than 30 days prior to the beginning of each fiscal year.

D.   The financial and operating records of the Corporation shall at all reasonable times be open to inspection by the Business Council and its authorized agents.

E.   The Corporation shall, within 120 days following the close of the Corporation's fiscal year, submit to the Business Council an audited financial statement showing the status of the Corporation as of the last day of the Corporation's fiscal year.

## ARTICLE XVI. - DISSOLUTION AND REVOCATION

A. After issuance of this Charter by the Secretary of the Interior and ratification by the Business Council, the Corporation may be dissolved and this Charter revoked only as provided in this Article.

B. The Corporation may be dissolved and this Charter revoked by the act of the Corporation as follows:

1. The Corporate Board shall adopt a resolution recommending that the Corporation be dissolved and this Charter be revoked and directing that the question of dissolution be submitted to a vote at a meeting of the Business Council, which may be either an annual or special meeting. In addition, by a referendum of the General Council, pursuant to the procedures set out in the Constitution of the Tribe, Article IX, Section 2.

2. Written notice shall be given to the Business Council in the manner provided in applicable tribal law for giving notice of meetings of the Business Council, and shall state that the purpose, or one of the purposes, of the meeting is to consider the advisability of dissolving the Corporation and revoking this Charter.

3. At the meeting, a vote shall be taken on a resolution to dissolve the Corporation.

4. Upon adoption of the resolution, a statement of intent to dissolve shall be executed by the Corporation by its Chairperson or Vice-Chairperson and by its Secretary and verified by one of the officers signing the statement, and shall be delivered to the Secretary of the Interior.

5. Upon filing of the statement of intent to dissolve with the Secretary of the Interior, the Corporation shall cease to carry on its business, except insofar as necessary for the winding up thereof, but its corporate existence shall continue until this Charter is revoked by act of Congress.

6. After filing the statement of intent to dissolve, the Corporation shall immediately, cause notice thereof to be mailed to each known creditor of the Corporation and shall proceed to collect its assets, convey and dispose of such of its properties as are not to be distributed in kind to the Tribe, pay, satisfy and discharge its liabilities and obligations and do all other acts required to liquidate its business and affairs, and, after paying or adequately providing for the payment of all its obligations, distribute the remainder of its assets, either in cash or in kind, to the Tribe.

7. By resolution of the Corporate Board or by resolution adopted by the Business Council at any time prior to revocation of this Charter by act of Congress, the Corporation may revoke any voluntary dissolution proceedings. Written notice of the revocation shall be filed with the Secretary of the Interior. Upon filing of the notice of revocation of voluntary dissolution proceedings, the revocation shall be effective and the Corporation may again carry on its business.

8. If voluntary dissolution proceedings have not been revoked, when all debts, liabilities and obligations of the Corporation have been paid and discharged, or adequate provision has been

made therefore, and all of the remaining property and assets of the Corporation have been distributed to the Tribe, the Tribe shall take all actions necessary to obtain an act of Congress revoking this Charter and dissolving the Corporation.

### ARTICLE XVII. – AMENDMENTS

A. The authority to petition for amendments to this Charter is vested in the Business Council, but such amendments shall have no legal effect until approved by the Secretary of the Interior and ratified by the Business Council in accordance with 25 U.S.C. § 477, as amended, and in accordance with applicable tribal law.

B. The Corporate Board may request the Business Council to petition the Secretary of the Interior for amendments to this Charter, but the final decision on submitting any such petition shall be made by the Business Council.

## ARTICLE XVIII. - CERTIFICATE OF APPROVAL

I, ___David Anderson___, Assistant Secretary – Indian Affairs, by virtue of the authority granted to the Secretary of the Interior by the Act of June 18, 1934 (48 Stat. 984, 25 U.S.C. § 477), as amended, and delegated to me, do hereby approve this Federal Charter of Incorporation for use by the Blue Lake Rancheria, State of California and its enterprise, the Blue Lake Rancheria Economic Development Corporation.  This Charter shall become effective upon ratification by the Blue Lake Rancheria Council, PROVIDED, that nothing in this approval shall be construed as authorizing any action under this document that would be contrary to Federal law.

ACTING Assistant Secretary – Indian Affairs

Washington, D.C.

Date: ___DEC 2 9 2004___

14

**Exhibit 2**



Employment
Development
Department
State of California

| | Letter ID: | L1429546752 |
| | Issued Date: | April 7, 2011 |

COLDWELL BANKER REAL ESTATE
605 COOLIDGE DR STE 100
FOLSOM CA  95630-4210

Amount Due and Delinquent:
$16,417,755.87
Taxpayer ID: 0009-6668672
Garnishment ID: 2081931264

## NOTICE OF LEVY

Enclosed is a *Notice of Levy* (DE 8005) for the following Taxpayer(s):

| Taxpayer | ID |
| --- | --- |
| BLUE LAKE RANCHERIA | FEIN:  Redacted |
| MAINSTAY BUSINESS SOLUTIONS | |

Please remit payment and the completed Answer Copy within five days.

Make check or money order payable to: Employment Development Department. Write the taxpayer's full name and Garnishment ID on the check or money order. Mail payment directly to the Employment Development Department using the attached voucher.

DE 8005  Rev. 17 (3-11)

---

**Detach and return this portion with payment**

| | Amount Due<br>$16,417,755.87 |
| --- | --- |
| **Letter ID**<br>L1429546752 | **Issue Date**<br>April 7, 2011 |
| **Garnishment ID**<br>2081931264 | |

Make remittances payable to Employment Development
Department. Include Garnishment ID on all checks and inquiries.



Employment
Development
Department
State of California

COLDWELL BANKER REAL ESTATE
605 COOLIDGE DR STE 100
FOLSOM CA  95630-4210

BLUE LAKE RANCHERIA

DE 8005  Rev. 17 (3-11)

**EMPLOYMENT DEVELOPMENT DEPT.**
**PO BOX 989061**
**WEST SACRAMENTO, CA 95798-9061**

0000000029912310016417755870800020819312641231999914

Case 2:11-cv-01124-JAM-KJN   Document 1   Filed 04/26/11   Page 28 of 48

Taxpayer ID: 0009-6668672
Garnishment ID: 2081931264

# NOTICE OF LEVY

## Special Instructions:

- <u>RETURN ANSWER COPY WITH PAYMENT OR INFORMATION REQUESTED WITHIN 5 DAYS</u>
- This Notice of Levy applies to all accounts:  general, savings, checking, etc., having a balance of $7.00 or more.

| Taxpayer | ID |
|---|---|
| BLUE LAKE RANCHERIA | |
| MAINSTAY BUSINESS SOLUTIONS | FEIN:  Redacted |

### Amount Due and Delinquent:  $16,417,755.87

YOU ARE HEREBY NOTIFIED pursuant to Section 1755 of the California Unemployment Insurance Code (CUIC) that the above taxpayer is delinquent in the payment to the Employment Development Department (EDD) for the amount as shown.

THIS LEVY IS DIRECTED against any payments, credits or personal property now due and/or becoming due to the above taxpayer for the period of one year from the date you receive this notice, or until paid in full or released by EDD, whichever occurs first.

REMIT ALL FUNDS **within five days** of becoming due, made payable to EDD, to the address shown below with the answer copy attached.

IF YOU ARE A BANK or savings and loan association you are subject to the requirements of a general creditor set out above, except for credits and personal property that are in a deposit account as defined in Section 9102(a)(29) of the Commercial Code which you are required to surrender or remit to the EDD **within five days** of receipt of this notice.

FAILURE TO SURRENDER or remit the amount due to EDD may make you liable for such amount (Section 1757 of the CUIC).

YOU ARE NOT LIABLE to the taxpayer for any credits, debits, or other personal property you are required to surrender and pay to EDD (Section 1755 of the CUIC).

The taxpayer may file a claim for exemption.  An affidavit shall be delivered to EDD's office shown hereon within ten (10) days seeking to exempt such property as provided in Section 703.520 of the Code of Civil Procedure.

| IMPORTANT |
|---|
| A copy of this form is provided for the taxpayer. |
| If the taxpayer claims there are reasons this levy should not stand, he/she should contact the office shown hereon immediately. |

CONTACT:

Kathy Dunne, Senior Tax Compliance Rep.
Sacramento - Field Collection, Collection Division
(916) 227-1726

EMPLOYMENT DEVELOPMENT DEPARTMENT
P.O. BOX 277250
SACRAMENTO, CA 95827-7250

The Director of the Employment Development Department of the State of California has caused this Notice of Levy to be issued by a duly authorized representative.

Taxpayer ID: 0009-6668672
Garnishment ID: 2081931264

# NOTICE OF LEVY
## Special Instructions:

- <u>RETURN ANSWER COPY WITH PAYMENT OR INFORMATION REQUESTED WITHIN 5 DAYS</u>
- This Notice of Levy applies to all accounts:  general, savings, checking, etc., having a balance of $7.00 or more.

| Taxpayer | ID |
|---|---|
| BLUE LAKE RANCHERIA | FEIN:   Redacted |
| MAINSTAY BUSINESS SOLUTIONS | |

## Amount Due and Delinquent:   $16,417,755.87

YOU ARE HEREBY NOTIFIED pursuant to Section 1755 of the California Unemployment Insurance Code (CUIC) that the above taxpayer is delinquent in the payment to the Employment Development Department (EDD) for the amount as shown.

THIS LEVY IS DIRECTED against any payments, credits or personal property now due and/or becoming due to the above taxpayer for the period of one year from the date you receive this notice, or until paid in full or released by EDD, whichever occurs first.

REMIT ALL FUNDS **within five days** of becoming due, made payable to EDD, to the address shown below with the answer copy attached.

IF YOU ARE A BANK or savings and loan association you are subject to the requirements of a general creditor set out above, except for credits and personal property that are in a deposit account as defined in Section 9102(a)(29) of the Commercial Code which you are required to surrender or remit to the EDD **within five days** of receipt of this notice.

FAILURE TO SURRENDER or remit the amount due to EDD may make you liable for such amount (Section 1757 of the CUIC).

YOU ARE NOT LIABLE to the taxpayer for any credits, debits, or other personal property you are required to surrender and pay to EDD (Section 1755 of the CUIC).

The taxpayer may file a claim for exemption.  An affidavit shall be delivered to EDD's office shown hereon within ten (10) days seeking to exempt such property as provided in Section 703.520 of the Code of Civil Procedure.

| **IMPORTANT** |
|---|
| A copy of this form is provided for the taxpayer. |
| If the taxpayer claims there are reasons this levy should not stand, he/she should contact the office shown hereon immediately. |

CONTACT:

Kathy Dunne, Senior Tax Compliance Rep.
Sacramento - Field Collection, Collection Division
(916) 227-1726

EMPLOYMENT DEVELOPMENT DEPARTMENT
P.O. BOX 277250
SACRAMENTO, CA 95827-7250

The Director of the Employment Development Department of the State of California has caused this Notice of Levy to be issued by a duly authorized representative.

Letter ID:          L1429546752
Issued Date:     April 7, 2011

Taxpayer ID: 0009-6668672
Garnishment ID: 2081931264

# NOTICE OF LEVY
## Special Instructions:

- <u>RETURN ANSWER COPY WITH PAYMENT OR INFORMATION REQUESTED WITHIN 5 DAYS</u>
- This Notice of Levy applies to all accounts:  general, savings, checking, etc., having a balance of $7.00 or more.

| Taxpayer | ID |
|---|---|
| BLUE LAKE RANCHERIA | FEIN:  Redacted |
| MAINSTAY BUSINESS SOLUTIONS | |

### PLEASE COMPLETE BELOW

1.  Attached find remittance in the amount of $ _____ which was withheld from the subject account on

_____ (Date Withheld)

2.  Payment is not attached because:

   2A.  Date account closed: _____

        Funds transferred to: _____

3.  The following personal property is being held: _____

_____

_____

**The following questions pertaining to a customer are not to be answered by financial institutions as described by Sections 7460 through 7493 of the Government Code.**

4.  Present address of _____

_____

5.  Comments: _____

_____

6.  If not indebted nor holding property belonging to the taxpayer, please check box:   ☐

Date  _____                                        By  _____

ANSWER

EDD          DE 8005
P.O. Box 826250
SACRAMENTO, CA 95827-7250


Employment
Development
Department
State of California

Letter ID:                    L1496060160
Issued Date:                  April 7, 2011

LWF HOME CARE, INC.
5716 LONETREE BLVD
ROCKLIN CA  95765-3734

Amount Due and Delinquent:
$16,417,755.87
Taxpayer ID: 0009-6668672
Garnishment ID: 2100932608

## NOTICE OF LEVY

Enclosed is a *Notice of Levy* (DE 8005) for the following Taxpayer(s):

| Taxpayer | ID |
|---|---|
| BLUE LAKE RANCHERIA<br>MAINSTAY BUSINESS SOLUTIONS | FEIN:  Redacted<br>FEIN: |

Please remit payment and the completed Answer Copy within five days.

Make check or money order payable to: Employment Development Department. Write the taxpayer's full name and Garnishment ID on the check or money order. Mail payment directly to the Employment Development Department using the attached voucher.

DE 8005  Rev. 17 (3-11)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Detach and return this portion with payment**

|  | Amount Due<br>$16,417,755.87 |
|---|---|
| **Letter ID**<br>L1496060160 | **Issue Date**<br>April 7, 2011 |
| **Garnishment ID**<br>2100932608 | |

Make remittances payable to Employment Development
Department. Include Garnishment ID on all checks and inquiries.


Employment
Development
Department
State of California

LWF HOME CARE, INC.
5716 LONETREE BLVD
ROCKLIN CA  95765-3734

BLUE LAKE RANCHERIA

EMPLOYMENT DEVELOPMENT DEPT.
PO BOX 989061
WEST SACRAMENTO, CA 95798-9061

DE 8005  Rev. 17 (3-11)

0000000029912310016417755870800021009326081231999914

Letter ID: L1496060160
Issued Date: April 7, 2011

Taxpayer ID: 0009-6668672
Garnishment ID: 2100932608

# NOTICE OF LEVY

**Special Instructions:**

- RETURN ANSWER COPY WITH PAYMENT OR INFORMATION REQUESTED WITHIN 5 DAYS
- This Notice of Levy applies to all accounts: general, savings, checking, etc., having a balance of $7.00 or more.

| Taxpayer | ID |
|---|---|
| BLUE LAKE RANCHERIA | FEIN: |
| MAINSTAY BUSINESS SOLUTIONS | FEIN: Redacted |

**Amount Due and Delinquent:  $16,417,755.87**

YOU ARE HEREBY NOTIFIED pursuant to Section 1755 of the California Unemployment Insurance Code (CUIC) that the above taxpayer is delinquent in the payment to the Employment Development Department (EDD) for the amount as shown.

THIS LEVY IS DIRECTED against any payments, credits or personal property now due and/or becoming due to the above taxpayer for the period of one year from the date you receive this notice, or until paid in full or released by EDD, whichever occurs first.

REMIT ALL FUNDS **within five days** of becoming due, made payable to EDD, to the address shown below with the answer copy attached.

IF YOU ARE A BANK or savings and loan association you are subject to the requirements of a general creditor set out above, except for credits and personal property that are in a deposit account as defined in Section 9102(a)(29) of the Commercial Code which you are required to surrender or remit to the EDD **within five days** of receipt of this notice.

FAILURE TO SURRENDER or remit the amount due to EDD may make you liable for such amount (Section 1757 of the CUIC).

YOU ARE NOT LIABLE to the taxpayer for any credits, debits, or other personal property you are required to surrender and pay to EDD (Section 1755 of the CUIC).

The taxpayer may file a claim for exemption. An affidavit shall be delivered to EDD's office shown hereon within ten (10) days seeking to exempt such property as provided in Section 703.520 of the Code of Civil Procedure.

| **IMPORTANT** |
|---|
| A copy of this form is provided for the taxpayer. |
| If the taxpayer claims there are reasons this levy should not stand, he/she should contact the office shown hereon immediately. |

The Director of the Employment Development Department of the State of California has caused this Notice of Levy to be issued by a duly authorized representative.

**CONTACT:**

Kathy Dunne, Senior Tax Compliance Rep.
Sacramento - Field Collection, Collection Division
(916) 227-1726

EMPLOYMENT DEVELOPMENT DEPARTMENT
P.O. BOX 277250
SACRAMENTO, CA 95827-7250

Taxpayer ID: 0009-6668672
Garnishment ID: 2100932608

# NOTICE OF LEVY

## Special Instructions:

- <u>RETURN ANSWER COPY WITH PAYMENT OR INFORMATION REQUESTED WITHIN 5 DAYS</u>
- This Notice of Levy applies to all accounts:  general, savings, checking, etc., having a balance of $7.00 or more.

| Taxpayer | ID |
|---|---|
| BLUE LAKE RANCHERIA | FEIN: |
| MAINSTAY BUSINESS SOLUTIONS | FEIN:   Redacted |

**Amount Due and Delinquent:**   $16,417,755.87

YOU ARE HEREBY NOTIFIED pursuant to Section 1755 of the California Unemployment Insurance Code (CUIC) that the above taxpayer is delinquent in the payment to the Employment Development Department (EDD) for the amount as shown.

THIS LEVY IS DIRECTED against any payments, credits or personal property now due and/or becoming due to the above taxpayer for the period of one year from the date you receive this notice, or until paid in full or released by EDD, whichever occurs first.

REMIT ALL FUNDS **within five days** of becoming due, made payable to EDD, to the address shown below with the answer copy attached.

IF YOU ARE A BANK or savings and loan association you are subject to the requirements of a general creditor set out above, except for credits and personal property that are in a deposit account as defined in Section 9102(a)(29) of the Commercial Code which you are required to surrender or remit to the EDD **within five days** of receipt of this notice.

FAILURE TO SURRENDER or remit the amount due to EDD may make you liable for such amount (Section 1757 of the CUIC).

YOU ARE NOT LIABLE to the taxpayer for any credits, debits, or other personal property you are required to surrender and pay to EDD (Section 1755 of the CUIC).

The taxpayer may file a claim for exemption.  An affidavit shall be delivered to EDD's office shown hereon within ten (10) days seeking to exempt such property as provided in Section 703.520 of the Code of Civil Procedure.

| **IMPORTANT** |
|---|
| A copy of this form is provided for the taxpayer. |
| If the taxpayer claims there are reasons this levy should not stand, he/she should contact the office shown hereon immediately. |

CONTACT:

Kathy Dunne, Senior Tax Compliance Rep.
Sacramento - Field Collection, Collection Division
(916) 227-1726

EMPLOYMENT DEVELOPMENT DEPARTMENT
P.O. BOX 277250
SACRAMENTO, CA 95827-7250

The Director of the Employment Development Department of the State of California has caused this Notice of Levy to be issued by a duly authorized representative.

Taxpayer ID: 0009-6668672
Garnishment ID: 2100932608

# NOTICE OF LEVY

## Special Instructions:

- <u>RETURN ANSWER COPY WITH PAYMENT OR INFORMATION REQUESTED WITHIN 5 DAYS</u>
- This Notice of Levy applies to all accounts:  general, savings, checking, etc., having a balance of $7.00 or more.

| Taxpayer | ID |
|---|---|
| BLUE LAKE RANCHERIA | FEIN: |
| MAINSTAY BUSINESS SOLUTIONS | FEIN:  Redacted |

### PLEASE COMPLETE BELOW

1. Attached find remittance in the amount of $ _____ which was withheld from the subject account on
   _____ (Date Withheld)

2. Payment is not attached because: _____

   2A.  Date account closed: _____

       Funds transferred to: _____

3. The following personal property is being held: _____

   _____

**The following questions pertaining to a customer are not to be answered by financial institutions as described by Sections 7460 through 7493 of the Government Code.**

4. Present address of _____

   _____

5. Comments: _____

   _____

6. If not indebted nor holding property belonging to the taxpayer, please check box: ☐

Date _____        By _____

ANSWER

EDD  DE 2181er
P.O. BOX 277250
SACRAMENTO, CA 95827-7250



**EDD** Employment
Development
Department
State of California

| | |
|---|---|
| Letter ID: | L0641872640 |
| Issued Date: | April 8, 2011 |
| Fed Employer ID: | Redacted |

BLUE LAKE RANCHERIA
605 COOLIDGE DR STE 210
FOLSOM CA  95630-4211

486187008_P6_E1

## NOTICE OF STATE TAX LIEN
(Filed pursuant to Section 7171 of the Government Code)

BLUE LAKE RANCHERIA                                              XX-XXX7071
MAINSTAY BUSINESS SOLUTIONS
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.                         XX-XXX7071
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.
MAINSTAY BUSINESS SOLUTIONS                                     XX-XXX7071
605 COOLIDGE DR STE 210
FOLSOM, CA  95630-4211                                          SACRAMENTO

Letter ID.  L0641872640                        Certificate No. G000086064

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/2008<br>to<br>12/31/2010 | $13,428,300.64 | $2,485,611.92 | $505,685.53 | $16,419,598.09 |

Interest calculated through 04/08/2011

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts
due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and
Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND
RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING
TO THE ABOVE NAMED.

Date:  04/08/2011
At Sacramento, California



The Director of the Employment Development Department has complied
with all provisions of the California Unemployment Insurance Code in the
computation and levy of the amount assessed and has caused this notice of
lien to be issued by a duly authorized representative.

By _____

Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181er Rev. 1 (3-11)

EDD DE 2181er
P.O. BOX 277250
SACRAMENTO, CA 95827-7250



**EDD** Employment
Development
Department
State of California

Letter ID:              L1792907264
Issued Date:            April 8, 2011
Fed Employer ID:        Redacted
                        486187008_P10_E1

BLUE LAKE RANCHERIA
605 COOLIDGE DR STE 210
FOLSOM CA  95630-4211

---

## NOTICE OF STATE TAX LIEN
(Filed pursuant to Section 7171 of the Government Code)

BLUE LAKE RANCHERIA                              XX-XXX7071
MAINSTAY BUSINESS SOLUTIONS
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.          XX-XXX7071
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.
MAINSTAY BUSINESS SOLUTIONS                      XX-XXX7071
605 COOLIDGE DR STE 210
FOLSOM, CA  95630-4211

HUMBOLDT

Letter ID.  L1792907264                    Certificate No. G000524110

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/2008 to 12/31/2010 | $13,428,300.64 | $2,485,579.92 | $505,685.52 | $16,419,566.08 |

Interest calculated through 04/08/2011

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date:  04/08/2011
At Sacramento, California



The Director of the Employment Development Department has complied with all provisions of the California Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

By _____

Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181er Rev. 1 (3-11)

EDD          DE 2181er
P.O. BOX 277250
SACRAMENTO, CA 95827-7250



**EDD** Employment
Development
Department
State of California

| | |
|---|---|
| Letter ID: | L1965322240 |
| Issued Date: | April 8, 2011 |
| Fed Employer ID: | Redacted |
| | 486187008_P14_E1 |

BLUE LAKE RANCHERIA
605 COOLIDGE DR STE 210
FOLSOM CA  95630-4211

## NOTICE OF STATE TAX LIEN
(Filed pursuant to Section 7171 of the Government Code)

BLUE LAKE RANCHERIA                                              XX-XXX7071
MAINSTAY BUSINESS SOLUTIONS
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.                          XX-XXX7071
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.
MAINSTAY BUSINESS SOLUTIONS                                      XX-XXX7071
605 COOLIDGE DR STE 210
FOLSOM, CA  95630-4211                                    LOS ANGELES

Letter ID.  L1965322240                    Certificate No. G000786071

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/2008 to 12/31/2010 | $13,428,300.64 | $2,485,611.92 | $505,685.53 | $16,419,598.09 |

Interest calculated through 04/08/2011

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts
due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and
Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND
RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING
TO THE ABOVE NAMED.

Date: 04/08/2011
At Sacramento, California

The Director of the Employment Development Department has complied
with all provisions of the California Unemployment Insurance Code in the
computation and levy of the amount assessed and has caused this notice of
lien to be issued by a duly authorized representative.

By _____

Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181er Rev. 1 (3-11)

EDD        DE 2181er
P.O. BOX 277250
SACRAMENTO, CA 95827-7250



**EDD** Employment
Development
Department
State of California

BLUE LAKE RANCHERIA
605 COOLIDGE DR STE 210
FOLSOM CA  95630-4211

| | |
|---|---|
| Letter ID: | L1542946816 |
| Issued Date: | April 8, 2011 |
| Fed Employer ID: | Redacted |
| | 486187008_P8_E1 |

## NOTICE OF STATE TAX LIEN
(Filed pursuant to Section 7171 of the Government Code)

BLUE LAKE RANCHERIA                                    XX-XXX7071
MAINSTAY BUSINESS SOLUTIONS
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.               XX-XXX7071
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.
MAINSTAY BUSINESS SOLUTIONS                            XX-XXX7071
605 COOLIDGE DR STE 210
FOLSOM, CA  95630-4211                                 ORANGE

Letter ID.  L1542946816                    Certificate No. G000786076

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/2008 to 12/31/2010 | $13,428,300.64 | $2,485,605.92 | $505,685.53 | $16,419,592.09 |

Interest calculated through 04/08/2011

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date:  04/08/2011
At Sacramento, California

The Director of the Employment Development Department has complied with all provisions of the California Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

By _____

Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181er Rev. 1 (3-11)

EDD          DE 2181er
P.O. BOX 277250
SACRAMENTO, CA 95827-7250



**EDD** Employment
Development
Department
State of California

BLUE LAKE RANCHERIA
605 COOLIDGE DR STE 210
FOLSOM CA  95630-4211

| | |
|---|---|
| Letter ID: | L0157964288 |
| Issued Date: | April 8, 2011 |
| Fed Employer ID: | Redacted |
| | 486187008_P2_E1 |

---

## NOTICE OF STATE TAX LIEN

(Filed pursuant to Section 7171 of the Government Code)

---

BLUE LAKE RANCHERIA                                              XX-XXX7071
MAINSTAY BUSINESS SOLUTIONS
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.          XX-XXX7071
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.
MAINSTAY BUSINESS SOLUTIONS                             XX-XXX7071
605 COOLIDGE DR STE 210
FOLSOM, CA  95630-4211                                    SAN DIEGO

Letter ID.   L0157964288                    Certificate No. G000786072

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/2008 to 12/31/2010 | $13,428,300.64 | $2,485,608.92 | $505,685.53 | $16,419,595.09 |

Interest calculated through 04/08/2011

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date: 04/08/2011
At Sacramento, California

The Director of the Employment Development Department has complied with all provisions of the California Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

By _____

Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181er Rev. 1 (3-11)

EDD    DE 2181er
P.O. BOX 277250
SACRAMENTO, CA 95827-7250



**EDD** Employment
Development
Department
State of California

| Letter ID: | L0480214016 |
| Issued Date: | April 8, 2011 |
| Fed Employer ID: | Redacted |

BLUE LAKE RANCHERIA
605 COOLIDGE DR STE 210
FOLSOM CA  95630-4211

486187008_P5_E1

---

## NOTICE OF STATE TAX LIEN
(Filed pursuant to Section 7171 of the Government Code)

BLUE LAKE RANCHERIA                          XX-XXX7071
MAINSTAY BUSINESS SOLUTIONS
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.       XX-XXX7071
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.
MAINSTAY BUSINESS SOLUTIONS               XX-XXX7071
605 COOLIDGE DR STE 210
FOLSOM, CA  95630-4211                    ALAMEDA

Letter ID.  L0480214016               Certificate No. G000786074

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/2008 to 12/31/2010 | $13,428,300.64 | $2,485,608.92 | $505,685.53 | $16,419,595.09 |

Interest calculated through 04/08/2011

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date: 04/08/2011
At Sacramento, California

The Director of the Employment Development Department has complied with all provisions of the California Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

By _____

Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181er Rev. 1 (3-11)

EDD DE 2181er
P.O. BOX 277250
SACRAMENTO, CA 95827-7250



**Employment
Development
Department**
State of California

BLUE LAKE RANCHERIA
605 COOLIDGE DR STE 210
FOLSOM CA 95630-4211

Letter ID: L0354709504
Issued Date: April 8, 2011
Fed Employer ID: Redacted

486187008_P3_E1

---

## NOTICE OF STATE TAX LIEN

(Filed pursuant to Section 7171 of the Government Code)

BLUE LAKE RANCHERIA                                              XX-XXX7071
MAINSTAY BUSINESS SOLUTIONS
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.                         XX-XXX7071
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.
MAINSTAY BUSINESS SOLUTIONS                                      XX-XXX7071
605 COOLIDGE DR STE 210
FOLSOM, CA 95630-4211                                            MONTEREY

Letter ID. L0354709504                          Certificate No. G000086065

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/2008 to 12/31/2010 | $13,428,300.64 | $2,485,609.92 | $505,685.53 | $16,419,596.09 |

Interest calculated through 04/08/2011

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date: 04/08/2011
At Sacramento, California

The Director of the Employment Development Department has complied with all provisions of the California Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

By _____

Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181er Rev. 1 (3-11)

EDD          DE 2181er
P.O. BOX 277250
SACRAMENTO, CA 95827-7250



**EDD** Employment
Development
Department
State of California

Letter ID:          L0105001728
Issued Date:        April 8, 2011
Fed Employer ID:    Redacted
                    486187008_P1_E1

BLUE LAKE RANCHERIA
605 COOLIDGE DR STE 210
FOLSOM CA  95630-4211

## NOTICE OF STATE TAX LIEN
(Filed pursuant to Section 7171 of the Government Code)

| | |
|---|---|
| BLUE LAKE RANCHERIA | XX-XXX7071 |
| MAINSTAY BUSINESS SOLUTIONS | |
| BLUE LAKE RANCHERIA ECONOMIC DEV. CORP. | XX-XXX7071 |
| BLUE LAKE RANCHERIA ECONOMIC DEV. CORP. | |
| MAINSTAY BUSINESS SOLUTIONS | XX-XXX7071 |
| 605 COOLIDGE DR STE 210 | |
| FOLSOM, CA  95630-4211 | |

SAN BERNARDINO

Letter ID.  L0105001728                    Certificate No. G000046078

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/2008 to 12/31/2010 | $13,428,300.64 | $2,485,606.92 | $505,685.53 | $16,419,593.09 |

Interest calculated through 04/08/2011

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date: 04/08/2011
At Sacramento, California

The Director of the Employment Development Department has complied with all provisions of the California Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

By _____

Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181er Rev. 1 (3-11)

EDD          DE 2181er
P.O. BOX 277250
SACRAMENTO, CA 95827-7250



**Employment
Development
Department**
State of California

|                  |                  |
|------------------|------------------|
| Letter ID:       | L0368541696      |
| Issued Date:     | April 8, 2011    |
| Fed Employer ID: | Redacted         |
|                  | 486187008_P4_E1  |

BLUE LAKE RANCHERIA
605 COOLIDGE DR STE 210
FOLSOM CA  95630-4211

---

## NOTICE OF STATE TAX LIEN
### (Filed pursuant to Section 7171 of the Government Code)

| | |
|---|---|
| BLUE LAKE RANCHERIA | XX-XXX7071 |
| MAINSTAY BUSINESS SOLUTIONS | |
| BLUE LAKE RANCHERIA ECONOMIC DEV. CORP. | XX-XXX7071 |
| BLUE LAKE RANCHERIA ECONOMIC DEV. CORP. | |
| MAINSTAY BUSINESS SOLUTIONS | XX-XXX7071 |
| 605 COOLIDGE DR STE 210 | |
| FOLSOM, CA  95630-4211 | FRESNO |

Letter ID.  L0368541696                    Certificate No. G000004105

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/2008 to 12/31/2010 | $13,428,300.64 | $2,485,595.92 | $505,685.53 | $16,419,582.09 |

Interest calculated through 04/08/2011

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date: 04/08/2011
At Sacramento, California

The Director of the Employment Development Department has complied with all provisions of the California Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

By _____

Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181er Rev. 1 (3-11)

EDD    DE 2181er
P.O. BOX 277250
SACRAMENTO, CA 95827-7250



**EDD** Employment Development Department
State of California

| | |
|---|---|
| Letter ID: | L1634359296 |
| Issued Date: | April 8, 2011 |
| Fed Employer ID: | Redacted |

486187008_P9_E1

BLUE LAKE RANCHERIA
605 COOLIDGE DR STE 210
FOLSOM CA  95630-4211

## NOTICE OF STATE TAX LIEN
(Filed pursuant to Section 7171 of the Government Code)

BLUE LAKE RANCHERIA                                        XX-XXX7071
MAINSTAY BUSINESS SOLUTIONS
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.       XX-XXX7071
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.
MAINSTAY BUSINESS SOLUTIONS                       XX-XXX7071
605 COOLIDGE DR STE 210
FOLSOM, CA  95630-4211

SOLANO

Letter ID.  L1634359296                                Certificate No. G000786075

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/2008<br>to<br>12/31/2010 | $13,428,300.64 | $2,485,607.92 | $505,685.53 | $16,419,594.09 |

Interest calculated through 04/08/2011

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date:  **04/08/2011**
At Sacramento, California



The Director of the Employment Development Department has complied with all provisions of the California Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

By _____

Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181er Rev. 1 (3-11)

EDD          DE 2181er
P.O. BOX 277250
SACRAMENTO, CA 95827-7250



**Employment
Development
Department**
State  of  California

BLUE LAKE RANCHERIA
605 COOLIDGE DR STE 210
FOLSOM CA  95630-4211

| | |
|---|---|
| Letter ID: | L1811382272 |
| Issued Date: | April 8, 2011 |
| Fed Employer ID: | Redacted |
| | 486187008_P11_E1 |

## NOTICE OF STATE TAX LIEN
(Filed pursuant to Section 7171 of the Government Code)

BLUE LAKE RANCHERIA                                              XX-XXX7071
MAINSTAY BUSINESS SOLUTIONS
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.          XX-XXX7071
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.
MAINSTAY BUSINESS SOLUTIONS                                 XX-XXX7071
605 COOLIDGE DR STE 210
FOLSOM, CA  95630-4211

                                                                        SAN JOAQUIN

Letter ID.   L1811382272                                    Certificate No. G000786073

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/2008 to 12/31/2010 | $13,428,300.64 | $2,485,607.92 | $505,685.53 | $16,419,594.09 |

Interest calculated through 04/08/2011

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date: 04/08/2011
At Sacramento, California

The Director of the Employment Development Department has complied with all provisions of the California Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

By _____

Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181er Rev. 1 (3-11)

EDD                 DE 2181er
P.O. BOX 277250
SACRAMENTO, CA 95827-7250



**EDD** Employment
Development
Department
State of California

Letter ID:              L1831104512
Issued Date:            April 8, 2011
Fed Employer ID:        Redacted

BLUE LAKE RANCHERIA
605 COOLIDGE DR STE 210
FOLSOM CA  95630-4211

486187008_P12_E1

---

# NOTICE OF STATE TAX LIEN

(Filed pursuant to Section 7171 of the Government Code)

BLUE LAKE RANCHERIA                                  XX-XXX7071
MAINSTAY BUSINESS SOLUTIONS
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.              XX-XXX7071
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.
MAINSTAY BUSINESS SOLUTIONS                          XX-XXX7071
605 COOLIDGE DR STE 210
FOLSOM, CA  95630-4211                               RIVERSIDE

Letter ID.  L1831104512                   Certificate No. G000006069

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/2008 to 12/31/2010 | $13,428,300.64 | $2,485,608.92 | $505,685.53 | $16,419,595.09 |

Interest calculated through 04/08/2011

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date: 04/08/2011
At Sacramento, California

The Director of the Employment Development Department has complied with all provisions of the California Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

By _____

Authorized Representative

This agency has adopted the use of a facsimile signature as affixed above.

DE 2181er Rev. 1 (3-11)

EDD          DE 2181er
P.O. BOX 277250
SACRAMENTO, CA 95827-7250



**EDD** Employment
Development
Department
State of California

Letter ID:           L1945600000
Issued Date:         April 8, 2011
Fed Employer ID:     Redacted

BLUE LAKE RANCHERIA
605 COOLIDGE DR STE 210
FOLSOM CA 95630-4211

486187008_P13_E1

## NOTICE OF STATE TAX LIEN

(Filed pursuant to Section 7171 of the Government Code)

| | |
|---|---|
| BLUE LAKE RANCHERIA | XX-XXX7071 |
| MAINSTAY BUSINESS SOLUTIONS | |
| BLUE LAKE RANCHERIA ECONOMIC DEV. CORP. | XX-XXX7071 |
| BLUE LAKE RANCHERIA ECONOMIC DEV. CORP. | |
| MAINSTAY BUSINESS SOLUTIONS | XX-XXX7071 |
| 605 COOLIDGE DR STE 210 | |
| FOLSOM, CA 95630-4211 | SANTA CLARA |

Letter ID.  L1945600000                                    Certificate No. G000006070

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/2008 to 12/31/2010 | $13,428,300.64 | $2,485,608.92 | $505,685.53 | $16,419,595.09 |

Interest calculated through 04/08/2011

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date:  04/08/2011
At Sacramento, California

The Director of the Employment Development Department has complied with all provisions of the California Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

By _____

Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

EDD          DE 2181er
P.O. BOX 277250
SACRAMENTO, CA 95827-7250



**EDD** Employment
Development
Department
State of California

BLUE LAKE RANCHERIA
605 COOLIDGE DR STE 210
FOLSOM CA 95630-4211

| | |
|---|---|
| Letter ID: | L0829052928 |
| Issued Date: | April 8, 2011 |
| Fed Employer ID: | Redacted |
| | 486187008_P7_E1 |

# NOTICE OF STATE TAX LIEN
(Filed pursuant to Section 7171 of the Government Code)

BLUE LAKE RANCHERIA
MAINSTAY BUSINESS SOLUTIONS
BLUE LAKE RANCHERIA ECONOMIC DEV. CORP.
605 COOLIDGE DR STE 210
FOLSOM, CA 95630-4211

Secretary of State

Letter ID.  L0829052928                                    Certificate No. G000086066

| TAX PERIOD | TAX | PENALTY | INTEREST | TOTAL |
|---|---|---|---|---|
| 10/01/2008 to 12/31/2010 | $13,428,300.64 | $2,485,597.92 | $505,685.53 | $16,419,584.09 |

Interest calculated through 04/08/2011

The Director of the Employment Development Department hereby certifies the above is liable to the State of California for amounts due and required to be paid as determined under the provisions of the California Unemployment Insurance Code, the Revenue and Taxation Code, or both.

THE AMOUNT OF DELINQUENCY ABOVE SET FORTH SHALL BE A LIEN UPON ALL REAL OR PERSONAL PROPERTY AND RIGHTS TO SUCH PROPERTY, INCLUDING ALL AFTER-ACQUIRED PROPERTY AND RIGHTS TO PROPERTY BELONGING TO THE ABOVE NAMED.

Date:  04/08/2011
At Sacramento, California



The Director of the Employment Development Department has complied with all provisions of the California Unemployment Insurance Code in the computation and levy of the amount assessed and has caused this notice of lien to be issued by a duly authorized representative.

By _____

Authorized Representative
This agency has adopted the use of a facsimile signature as affixed above.

DE 2181er Rev. 1 (3-11)