1
2
3
4
5
6
7
8
9
10                     UNITED STATES DISTRICT COURT
11                    EASTERN DISTRICT OF CALIFORNIA
12
13
14  BLUE LAKE RANCHERIA, a federally ) Case No. 2:11-CV-01124-JAM-KJN
    recognized Indian Tribe; BLUE    )
15  LAKE RANCHERIA ECONOMIC          ) **ORDER DENYING PLAINTIFFS'**
    DEVELOPMENT CORPORATION, a       ) **MOTION FOR LEAVE TO AMEND**
16  federally-chartered tribal       )
    corporation; and MAINSTAY        )
17  BUSINESS SOLUTIONS, a federally- )
    authorized division of Blue Lake )
18  Rancheria Economic Development   )
    Corporation,                     )
19                                   )
               Plaintiffs,           )
20                                   )
         v.                          )
21                                   )
    MARTY MORGENSTERN, individually  )
22  and in his official capacity as  )
    Secretary of the California      )
23  Labor and Workforce Development  )
    Agency; PAM HARRIS, individually )
24  and in her official capacity as  )
    Chief Deputy Director of the     )
25  Employment Development           )
    Department of the State of       )
26  California ("EDD"); JACK         )
    BUDMARK, individually and in his )
27  official capacity as a Deputy    )
    Director of the Tax Branch of    )
28  the EDD; TALBOTT SMITH,          )
    individually and in his official )

                                 1

```
capacity as a Deputy Director of  )
the Unemployment Branch of the    )
EDD; KATHY DUNNE, individually    )
and in her official capacity as   )
a Senior Tax Compliance           )
Representative of EDD; SARAH      )
REECE, individually and in her    )
official capacity as an           )
Authorized Representative of the  )
EDD; and DOES 1-50, inclusive,    )
                                  )
                    Defendants,   )
                                  )
                                  )
     v.                           )
                                  )
UNITED STATES OF AMERICA,         )
                                  )
                    Intervenor    )
                    Defendant.    )
                                  )
                                  )
```

This matter is before the Court on Plaintiffs Blue Lake Rancheria ("the Tribe"), Blue Lake Rancheria Economic Development Corporation ("EdCo"), and Mainstay Business Solutions' ("Mainstay") (collectively "Plaintiffs") Motion to Amend (Doc. #66) the Complaint (Doc. #1).[1] Defendants Marty Morgenstern, Pam Harris, Jack Budmark, Talbott Smith, Kathy Dunne and Sarah Reece (collectively "Defendants") filed an opposition (Doc. #69). Plaintiffs replied (Doc. #70). For the reasons set forth below, the motion to amend is DENIED.

I.   FACTUAL ALLEGATIONS AND SUMMARY OF ARGUMENTS

The Tribe is a federally-recognized Indian tribe. EdCo is a federally-chartered corporation wholly-owned by the Tribe. Mainstay, a division of EdCo, is an employee staffing

---

[1] This matter was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). Oral argument was scheduled for September 21, 2011.

1 organization.
2     On April 26, 2011, Plaintiffs filed this action seeking
3 declaratory and injunctive relief related to the Defendants'
4 enforcement of state taxes in violation of Plaintiffs' tribal
5 sovereignty.  Plaintiffs allege that Defendants were engaged in
6 ongoing collection efforts which violated Plaintiffs' federal
7 tribal sovereign immunity, and by those actions, Defendants had
8 unlawfully encumbered tribal lands and other tribal assets.
9     Plaintiffs' suit concerns the collection of unemployment
10 insurance contribution payments, pursuant to the Federal
11 Unemployment Tax Act, 26 U.S.C. § 3301 et seq. ("FUTA").  FUTA
12 is a joint federal-state program for unemployment insurance.
13 FUTA was amended in 2001 to require states to allow Indian
14 tribes to elect to be a reimbursing employer.  This affords any
15 Indian tribe in California the flexibility to finance its
16 liability for unemployment contributions in alternative ways.
17 Cal. Unempl. Ins. Code § 802(a).  If a tribe wishes to be a
18 reimbursing employer, it is allowed to reimburse the State for
19 all benefits paid to former employees rather than pay the
20 contributions required of other employers.  Id. §§ 802(a),
21 803(b).  Mainstay elected to be a reimbursing employer under
22 FUTA, and held this designation from 2003 to 2010.  Mainstay
23 ceased making full contribution payments as required, prompting
24 Defendants to eventually begin the collection activities at
25 issue in this suit.
26     On June 1, 2011, Plaintiffs filed a Motion for Preliminary
27 Injunction (Doc. #20).  On June 15, 2011, Defendants filed a
28 Motion to Dismiss (Doc. #26).  On August 11, 2011, the Court

granted Plaintiffs' Motion for Preliminary Injunction (Doc. #40) and ordered that Defendants refrain from undertaking any further efforts to collect from Plaintiffs any unemployment contributions. On December 6, 2011, this Court issued an order (Doc. #53) denying Defendants' Motion to Dismiss.

## II.   OPINION

### A.   Legal Standard

"Whether leave to amend should be granted is generally determined by considering the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party." N. Slope Borough v. Rogstad (In re Rogstad), 126 F.3d 1224, 1228 (9th Cir. 1997). In the absence of any of the preceding factors, leave to amend should be freely granted. See Gabrielson v. Montgomery Ward & Co., 785 F.2d 762, 765 (9th Cir. 1986).

Defendants' arguments in opposition concern the futility of Plaintiffs' proposed amendment. Futility alone can justify the denial of a motion to amend. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); Davis v. Powell, 901 F. Supp. 2d 1196, 1211 (S.D. Cal. 2012).

### B.   Discussion

Plaintiffs seek leave pursuant to Federal Rule of Civil Procedure 15(a)(2) to amend the Complaint by adding a claim under 42 U.S.C. § 1983 ("§ 1983") for injunctive relief for violations of the Tribe and EdCo's due process rights. MTA at p. 2. Defendants do not oppose amendment based on bad faith, undue delay or prejudice. However, they argue the Court should

deny the motion because the proposed amendment is futile. Opp. at pp. 3-4. Defendants' contend that the Tribe does not qualify as a "person" under § 1983 for the purposes of this claim.

The Supreme Court expressly addressed whether a Native American tribe qualifies as a "person" for the purpose of bringing suit pursuant to § 1983 in Inyo County, California v. Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, 538 U.S. 701, 712 (2003) ("Inyo County"). In Inyo County, the Court found a tribe may not sue under § 1983 to vindicate its *sovereign* rights. Id. It reasoned that § 1983 was "designed to secure private rights against government encroachment . . . not to advance a sovereign's prerogative . . . ." Id.

> As we have recognized in other contexts, qualification of a sovereign as a "person" who may maintain a particular claim for relief depends not "upon a bare analysis of the word 'person,'" Pfizer Inc. v. Government of India, 434 U.S. 308, 317 (1978), but on the "legislative environment" in which the word appears, Georgia v. Evans, 316 U.S. 159, 161 (1942).

Id. at 711. The Supreme Court reasoned that the plaintiff's claim for relief was based on rights it possessed only as a result of its status as a sovereign and concluded that it therefore could not bring the § 1983 claim. Id. at 711-12.

The Ninth Circuit addressed the issue in Skokomish Indian Tribe v. United States, 410 F.3d 506, 514 (9th Cir. 2005) ("Skokomish"). In Skokomish, the Court found that the plaintiff tribe was not suing in any capacity resembling a private person. Id. Rather, it sought to enforce rights granted to it as a function of its status as a sovereign, specifically fishing rights obtained through a treaty entered into with the United

1  States.  Id. at 514-15.  The Court also found that the
2  individual tribe members did not have cognizable § 1983 claims
3  because they sought to vindicate communal as opposed to
4  individual rights.  Id. at 515-16.
5        Here, Plaintiffs were specially granted the right to become
6  a reimbursable employer as a function of their status as a
7  federally-recognized tribe pursuant to FUTA and the California
8  Unemployment Insurance Code.  See 26 U.S.C. §§ 3306(c)(7) & (u),
9  3309 (a)(2) & (d); Cal. Unemp. Ins. Code §§ 802, 803.  It was as
10 a result of this status that they incurred the tax debt
11 underlying the present matter.  Although Plaintiffs rightly
12 argue that a sovereign may assert claims under § 1983 in a
13 capacity which resembles a private person, the proposed cause of
14 action arises only as a function of rights granted to Plaintiffs
15 as a sovereign entity.  Similar to the fishing rights afforded
16 to the plaintiffs in Skokomish through a federal treaty with the
17 United States, Plaintiffs were only given the right to become a
18 reimbursable employer and establish this financial relationship
19 with the State of California as a result of specific provisions
20 in a federal statute, FUTA, which affords Indian tribes special
21 rights regarding the financing of their unemployment liability.
22       Plaintiffs are not seeking to protect individual rights
23 from government encroachment, but to protect the communal
24 interests of the Tribe in a financial relationship with the
25 State of California.  This special relationship is the direct
26 result of Plaintiffs exercising their "prerogative" to become a
27 reimbursable employer, a choice afforded to them as a federally-
28 recognized Indian tribe.  See Inyo County, 538 U.S. at 712.

Accordingly, the Court DENIES Plaintiffs' Motion to Amend the Complaint.

### III. ORDER

For the reasons set forth above, Plaintiffs' motion to amend is DENIED.

IT IS SO ORDERED.

Dated: July 22, 2014

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE