1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11  BLUE LAKE RANCHERIA, a              No.  2:11-cv-01124-JAM-JFM
    federally-recognized Indian
12  Tribe; BLUE LAKE RANCHERIA
    ECONOMIC DEVELOPMENT
13  CORPORATION, a federally-          **ORDER GRANTING PLAINTIFF'S**
    charted tribal corporation;        **MOTION FOR SUMMARY JUDGMENT**
14  and MAINSTAY BUSINESS
    SOLUTIONS, a federally-
15  authorized division of Blue
    Lake Rancheria Economic
16  Development Corporation,

17              Plaintiffs,

18        v.

19  DAVID LANIER, in his official
    capacity as Secretary of the
20  California Labor and
    Workforce Development Agency;
21  PATRICK W. HENNING, JR., in
    his official capacity as
22  Director of the Employment
    Development Department of the
23  State of California ("EDD"),
    PAM HARRIS, individually and
24  in her official capacity as
    Chief Deputy Director of the
25  EDD, JACK BUDMARK,
    individually and in his
26  official capacity as Deputy
    Director of the Tax Branch of
27  the EDD; TALBOTT SMITH,
    individually and in his
28  capacity as a Deputy Director

                                1

1  of the Unemployment Branch of
   the EDD; KATHY DUNNE,
2  individually and in her
   official capacity as a Senior
3  Tax Compliance Representative
   of the EDD; SARAH REECE,
4  individually and in her
   official capacity as an
5  Authorized Representative of
   the EDD,
6
                Defendants.
7

8      Blue Lake Rancheria ("Plaintiff" or "the Tribe") alleges

9  that the California Employment Development Department ("EDD")

10 violated its tribal sovereign immunity by attaching liens on

11 tribal assets.  Plaintiff now moves for summary judgment.

12 Although discovery remains open for several more months,

13 Defendants have not raised any discoverable facts that could

14 alter the Court's conclusion, described herein, that Plaintiff is

15 entitled to summary judgment.[1]

16

17      I.   UNDISPUTED FACTS AND PROCEDURAL BACKGROUND

18     Plaintiff is a federally-recognized tribe.  Mobbs' Decl. ¶ 3

19 Exh. 1.  For several years, a division of the Tribe's federally-

20 chartered corporation called Mainstay Business Solutions

21 ("Mainstay")[2] operated a "temporary staffing and employee leasing

22 business."  Ramos Decl. ¶ 3; Defendants' Response to Plaintiff's

23 Statement of Facts ¶¶ 8-10.  In 2003, Mainstay elected to

24 participate in a joint federal-state unemployment insurance

25 _____
   [1] This motion was determined to be suitable for decision without
26 oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
   scheduled for April 8, 2015.
27 [2] Mainstay and Blue Lake Rancheria Economic Development Corps are
   also plaintiffs in this matter, but they have not joined this
28 motion for summary judgment.

                                2

1   program.  See 26 U.S.C. § 3301 et seq.; Ramos Decl. ¶ 4.

2   Mainstay became a "reimbursable employer." Ramos Decl. ¶ 4.  As

3   such, the state would pay former employees and Mainstay would

4   later reimburse the state for those costs.  See Cal. Unempl. Ins.

5   Code § 803.

6      In 2008, a dispute arose as to the amount Mainstay owed in

7   reimbursement.  Ramos Decl. ¶ 7.  When the parties were unable to

8   resolve their dispute, EDD attached liens to the Tribe's property

9   under California Government Code section 7171 in several

10  counties.  Ramos Decl. ¶ 8; see id. Exh. A.  EDD also issued

11  subpoenas to Plaintiff's banks seeking information about the

12  Tribe's assets.  Rubin Decl. ¶ 4; see id. Exh. C.

13     The Tribe filed suit against officers of EDD (collectively,

14  "Defendants") seeking to enjoin their collection actions and

15  cancel the liens, and for a declaratory judgment that Defendants'

16  actions violated Plaintiff's sovereign immunity.  See Compl.

17  (Doc. #1) ¶¶ 34-41.  The Tribe now brings this motion for summary

18  judgment to dispose of all its claims (Docs. #82, 83).

19  Defendants oppose the motion (Doc. #92) and, in the alternative,

20  request that the Court defer adjudication until later in

21  discovery, which is set to close in November.  See Amended Pre-

22  trial Scheduling Order (Doc. #79) at 3.  Intervenor United States

23  takes no position on this motion (Doc. #93).

24  ///

25  ///

26  ///

27                  II.   OPINION

28      A.   Legal Standard

1    "An injunction is a matter of equitable discretion; it does

2  not follow from success on the merits as a matter of course."

3  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 32 (2008).

4  The party seeking a permanent injunction must show "(1) that it

5  has suffered an irreparable injury; (2) that remedies available

6  at law, such as monetary damages, are inadequate to compensate

7  for that injury; (3) that, considering the balance of hardships

8  between the plaintiff and defendant, a remedy in equity is

9  warranted; and (4) that the public interest would not be

10 disserved by a permanent injunction."  W. Watersheds Project v.

11 Abbey, 719 F.3d 1035, 1054 (9th Cir. 2013) (citations and

12 quotation marks omitted).

13    B.   Judicial Notice

14    Defendants request judicial notice (Doc. #92-9) of several

15 court filings and documents recorded or produced by the

16 California Department of State.  Because each is a matter of

17 public record and Plaintiff does not dispute them, the Court

18 takes judicial notice.  See Fed. R. Evid. 201; see Santa Monica

19 Food Not Bombs v. City of Santa Monica, 450 F.3d 1022, 1025 n.2

20 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 662, 689

21 (9th Cir. 2001).

22 ///

23 ///

24 ///

25 ///

26 ///

27    C.   Analysis

28        1.   Success on the Merits

4

a.    Sovereign Immunity

i.    Defendants' Request to Defer
      Adjudication

Defendants request that the Court "defer[]" its ruling on sovereign immunity "until discovery is complete and the factual issue of the Tribe's wavier has been fully briefed."  Opp. at 12:5-6.  Plaintiff argues that Defendants have not met the requirements of Rule 56(d) to support this request.  Reply at 1-3.

Rule 56(d) permits a court to defer consideration of a motion for summary judgment if a party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]"  Fed. R. Civ. P. 56(d).  "The requesting party must show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment."  Family House & Finance Center, Inc. v. Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).  The party must also demonstrate that it was diligent in pursuing discovery.  See In re Imperial Credit Indus., Inc. Sec. Litig., 252 F. Supp. 2d 1005, 1016 (C.D. Cal. 2003), aff'd sub nom. Mortensen v. Snavely, 145 F. App'x 218 (9th Cir. Aug. 17, 2005).  Failure to comply with any of these requirements is grounds for denial of the request, and the court may proceed to summary judgment.  Family House & Finance Center, 525 F.3d at 827; In re Imperial Credit Indus., Inc. Sec. Litig., 252 F. Supp. 2d at 1016 (citations omitted).

Defendants here have provided a declaration in support of

5

1  their request, see Bowers Decl. ¶ 2, but it does not justify a

2  deferred ruling.  The only paragraph of the declaration

3  concerning sovereign immunity is paragraph 4.a., which puts forth

4  the following "fact[]" that "likely exist[s]": "[Plaintiff]

5  consented to [EDD's] collection through the Tribe's voluntary

6  election of reimbursable financing of its unemployment insurance

7  costs under 26 U.S.C. § 3309(d) and California Unemployment

8  Insurance Code § 801 et seq."  The declaration further describes

9  Defendants' plan to "demand production of documents related to

10 the Tribe's election and [to] depose the following current and/or

11 former Tribal officers, employees, and/or agents: [enumerating

12 individuals]."  Bowers' Decl. ¶ 4.a.

13      The first problem with Defendants' declaration is that this

14 purported "fact" is actually a legal conclusion.  Sac & Fox

15 Nation v. Hanson, 47 F.3d 1061, 1063 (10th Cir. 1995) (referring

16 to "the legal question of when a party can assert sovereign

17 immunity"); cf. Shapiro v. Republic of Bolivia, 930 F.2d 1013,

18 1017 (2d Cir. 1991) (discussing "the essentially legal question

19 of whether appellees' actions, as alleged, have triggered an

20 exception to the general rule of foreign sovereign immunity");

21 see Cook v. AVI Casino Enterprises, Inc., 548 F.3d 718, 722 (9th

22 Cir. 2008).  Defendants suggest that waiver is a factual

23 question, but none of their authorities support that proposition.

24 See Opp. at 11.

25      A second problem is that the Court has already foreclosed

26 Defendants' legal theory of waiver.  Indeed, the Court has twice

27 determined as a matter of law that neither 26 U.S.C. § 3309 nor

28 Plaintiff's decision to participate affected the Tribe's

1    sovereign immunity.  <u>See</u> Order Granting Plaintiffs' Motion for a

2    Preliminary Injunction (Doc. #40) at 11-12; Order Denying

3    Defendants' Motion to Dismiss (Doc. #53) at 14.  Defendants have

4    not described any "specific facts" that would change this

5    determination.  <u>See</u> <u>Tatum v. City & Cty. of San Francisco</u>, 441

6    F.3d 1090, 1100 (9th Cir. 2006) (requiring party requesting Rule

7    56(d) relief to "identify by affidavit the specific facts that

8    further discovery would reveal, and explain why those facts would

9    preclude summary judgment").  The Court therefore concludes that

10   Defendants' "fact" is not relevant to this motion.

11       A final problem is that Defendants have not shown diligence.

12   They blame their failure to conduct adequate discovery related to

13   sovereign immunity on "Plaintiffs['] mo[tion] to amend their

14   complaint on January 6, 2015, [which] rais[ed] a question of the

15   operative complaint[.]"  Opp. at 13:2-3.  Defendants' excuse is

16   not well taken.  The proposed amendment in no way affected the

17   sovereign immunity issue, which in fact has been the main issue

18   in this case since its inception.

19       Because Defendants have not identified any specific facts

20   relevant to the Tribe's sovereign immunity, the Court denies

21   their request to defer adjudication.  The Court therefore

22   considers the merits of Plaintiff's sovereign immunity

23   allegations.

24              ii.    <u>Off-reservation Assets</u>

25       Defendants argue that sovereign immunity does not apply to

26   tax enforcement actions in general, and even if it did, it does

27   not bar the state from taking such actions against "off-

28   reservation assets."  Opp. at 9.  Defendants identify these

                                    7

1   assets as "Mainstay's off-reservation bank accounts and accounts
2   receivable[.]"  Id.  Plaintiff maintains that immunity does bar
3   these actions, no matter where its assets are located.  Mot. at
4   8-9; Reply at 4-5.

5       The Court agrees with Plaintiff.  Defendants' first argument
6   is flawed, because it fails to recognize the "difference between
7   the right to demand compliance with state laws and the means
8   available to enforce them."  Kiowa Tribe of Oklahoma v. Mfg.
9   Technologies, 533 U.S. 751, 755 (1998).  Here, the Tribe does not
10  contest that Defendants had authority to demand compliance with
11  state law: that is, to require the Tribe to pay reimbursements
12  consistent with the unemployment insurance program.  The real
13  issue is whether Defendants could enforce compliance by
14  initiating collection actions under California Government Code
15  section 7171.

16      While no controlling case has considered the availability of
17  a section 7171 collection action to place a lien on tribal
18  property, the Court concludes that these actions are barred by
19  sovereign immunity.  Indeed, the cases establish that immunity
20  bars similar methods of enforcement.  See Namekagon Dev. Co. v.
21  Bois Forte Reservation Hous. Auth., 517 F.2d 508, 510 (8th Cir.
22  1975) (noting tribe's "general immunity from levy and execution"
23  of payment obligations); Maryland Cas. Co. v. Citizens Nat'l Bank
24  of W. Hollywood, 361 F.2d 517, 521 (5th Cir. 1966) ("The waiver
25  of the immunity to being sued was expressly qualified, and
26  excluded from the waiver was the levy of any judgment, lien or
27  attachment upon the property of the [tribe]."); Chemehuevi Indian
28  Tribe v. Cal. State Bd. of Equalization, 492 F. Supp. 55, 60

8

1   (N.D. Cal. 1979) (holding that sovereign immunity barred

2   enforcement of tax through counterclaim against tribe),[3] aff'd,

3   757 F.2d 1047 (9th Cir. 1985).

4        As to the "off-reservation assets" argument, the Court also

5   agrees with Plaintiff that sovereign immunity barred Defendants'

6   collection activities, no matter where the Tribe's assets were

7   located.  Defendants' argument to the contrary relies entirely on

8   Washington v. Confederated Tribes of Colville Indian Reservation,

9   447 U.S. 134 (1980).  In Confederated Tribes, the state levied a

10  tax on cigarettes, and seized cigarettes en route to the

11  reservation when the tribe did not pay.  Id. at 140.  The tribe

12  argued that the seizures were improper because "no state tax

13  [was] due while the cigarettes [were] in transit."  Id. at 161.

14  But the Court concluded that the state's "interest in enforcing

15  its valid tax [was] sufficient to justify" the seizures.  Id.

16  The Court found it "significant that these seizures t[ook] place

17  outside the reservation, in locations where state power over

18  Indian affairs is considerably more expansive[.]"  Id. at 162.

19       Confederated Tribes does not control the facts of this case.

20  Defendants here did not seize lawfully taxed goods; rather, they

21  sought to enforce payment obligations by instituting a lien on

22  all of the Tribe's property.  The fact that some of that property

23

24  [3] The parties contest which aspects of this case survived the
    Supreme Court's reversal and the Ninth Circuit's subsequent
25  decision on remand.  See 106 S. Ct. 289 (1985) (per curiam); 800
    F.2d 1446 (9th Cir. 1986).  On appeal, the Ninth Circuit affirmed
26  the district court's holding that sovereign immunity barred the
    counterclaim.  757 F.2d at 1052.  The Supreme Court then reversed
27  on other grounds and did not consider the counterclaim issue, so
28  it was not at issue on remand.  800 F.2d at 1447 n.1.

1  may be located outside of the reservation does not avoid the

2  sovereign immunity bar.  See Michigan v. Bay Mills Indian Cmty.,

3  134 S. Ct. 2024, 2031 (2014) ("Our precedents . . . have not

4  previously drawn the distinctions [between on- and off-

5  reservation conduct for purposes of sovereign immunity].  They []

6  established a broad principle, from which we thought it improper

7  to start carving out exceptions.  Rather, we opted to 'defer' to

8  Congress about whether to abrogate tribal immunity for off-

9  reservation commercial conduct.") (citations, quotation marks,

10 and alterations omitted); Kiowa, 533 U.S. at 754 ("To date, our

11 cases have sustained tribal immunity from suit without drawing a

12 distinction based on where the tribal activities occurred.  . . .

13 To say substantive state laws apply to off-reservation conduct

14 . . . is not to say that a tribe no longer enjoys immunity from

15 suit.").  Concluding that sovereign immunity applies, the Court

16 next turns to whether Plaintiff's immunity was abrogated or

17 waived.

18              iii.      Abrogation or Waiver of Sovereign
                          Immunity
19

20      This Court has twice determined that Congress did not

21 abrogate tribal sovereign immunity through the Federal

22 Unemployment Tax Act, 26 U.S.C. § 3301 et seq.  See Order

23 Granting Plaintiffs' Motion for a Preliminary Injunction at 11;

24 Order Denying Defendants' Motion to Dismiss at 14.  Defendants

25 urge the Court to reconsider these holdings, see Opp. at 13-15,

26 but Defendants have provided no new argument or new basis for

27 this Court to conclude that the language of 26 U.S.C. 3309

28 "clear[ly]" and "unequivocally" abrogates the Tribe's immunity.

10

1   See <u>Bay Mills</u>, 134 S. Ct. at 2031.

2       As to waiver, Plaintiff has put forth evidence that the

3   Tribe did not waive sovereign immunity by the procedures outlined

4   in the Tribe's constitution and that "[n]either the General

5   Council nor the Business Council of the Tribe has passed a

6   resolution or taken any other action . . . waiving sovereign

7   immunity of the Tribe in favor of the EDD or any of the

8   defendants in this action."  Plaintiff's Statement of Facts ¶¶ 2,

9   4-5 (citing Mobbs' Decl. ¶ 4, Exh. 2; Ramos' Decl. ¶ 2).

10  Defendants provide no contrary evidence, and instead argue that

11  Plaintiff's evidence is insufficient.  Opp. at 12.

12      Defendants essentially complain that Plaintiff has not done

13  enough to prove a negative – that the Tribe did not waive

14  immunity.  <u>See</u> Opp. at 12; Defendants' Response to Plaintiff's

15  Statement of Facts ¶ 4 ("Undisputed that the Tribal Constitution

16  contains the quoted language, disputed to the extent it is a

17  legal conclusion that the provision is the only way that the

18  Tribe may waive sovereign immunity.").  But the law does not

19  require Plaintiff to disprove every possible means of waiver;

20  rather, Plaintiff may meet its burden by "pointing out through

21  argument [] the absence of evidence" to support other party's

22  case.  <u>Fairbank v. Wunderman Cato Johnson</u>, 212 F.3d 528, 532 (9th

23  Cir. 2000).  It is then incumbent upon Defendants to provide

24  affidavits or other sources of evidence that "set forth specific

25  facts showing that there is a genuine issue for trial."

26  <u>Devereaux v. Abbey</u>, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting

27  Fed. R. Civ. P. 56(e)).  Because Defendants have provided no

28  facts supporting a theory of waiver, summary judgment is

1   warranted.  Cf. Egan v. Cty. of Del Norte, 2014 WL 46609, at *5

2   (N.D. Cal. Jan. 6, 2014) ("Because Defendants have met their

3   initial burden of informing the court of the basis of their

4   contention that they are entitled to summary judgment as to

5   Plaintiff's claim based on municipal liability, the burden shifts

6   to Plaintiff to establish a genuine issue of material fact.

7   . . . Plaintiff has provided the court with no citation to any

8   evidence creating such a genuine issue, and instead argues that

9   Defendants have failed to prove the negative.  Therefore, the

10  court finds Defendants' evidence to be undisputed.").  Plaintiff

11  has thus established success on the merits.

12                     b.   25 U.S.C. § 476(e)

13       Plaintiff brings this motion under the alternative basis

14  that Defendants' actions violated 25 U.S.C. section 476(e).

15  Because the Court has determined that Plaintiff succeeds on the

16  merits of the sovereign immunity argument, the Court does not

17  reach this issue.

18              2.   Equitable Defenses and Balance of Equities

19       Defendants make multiple arguments relating to the equities

20  – all unavailing.  First, they urge the Court to deny relief

21  pursuant to the doctrine of unclean hands.  Opp. at 18-19.  This

22  argument fails, because "[s]overeign immunity involves a right

23  which courts have no choice, in the absence of a waiver, but to

24  recognize." People of State of Cal. ex rel. Cal. Dept. of Fish &

25  Game v. Quechan Tribe of Indians, 595 F.2d 1153, 1155 (9th Cir.

26  1979).  Recognizing that the Tribe's sovereign immunity barred

27  Defendants' collection actions, the Court must reject Defendants'

28  unclean hands defense.  See Pan Am. Co. v. Sycuan Band of Mission

1   <u>Indians</u>, 884 F.2d 416, 419 (9th Cir. 1989) ("Indian sovereignty,

2   like that of other sovereigns, is not a discretionary principle

3   subject to the vagaries of the commercial bargaining process or

4   the equities of a given situation.").

5       Defendants next raise a Rule 56(d) request to delay

6   adjudication to explore whether Plaintiff had "intent to hinder,

7   delay or defraud creditor EDD in its collection" and whether it

8   "improperly exploited tribal status as a business advantage[.]"

9   Bowers Decl. ¶¶ 4.e, 4.f.  The Court again finds this request

10  unpersuasive, because Defendants have not raised any issue that

11  would affect the outcome of this motion.  In particular,

12  Plaintiff's reasons for invoking sovereign immunity do not affect

13  this Court's duty to recognize that immunity.  <u>See</u> <u>Quechan Tribe</u>

14  <u>of Indians</u>, 595 F.2d at 1155; <u>Pan Am.</u>, 884 F.2d at 419.

15      The Court also reminds Defendants that this case involves

16  only the issue of whether Defendants violated Plaintiff's

17  sovereign immunity by their collection actions.  This Court makes

18  no decision about Plaintiff's liability arising from Mainstay's

19  role as a reimbursable employer.  The Court therefore disregards

20  Defendants' attempts to raise factual disputes about how much

21  Plaintiff actually owes.  <u>See</u> Defendants' "Counterstatement of

22  Material Facts" ¶¶ 24-34, 44-46.

23          3.   <u>Irreparable Harm and Availability of Damages</u>

24      Plaintiff here has established irreparable harm, because

25  damages would not be available.  Indeed, injunctive relief is the

26  only form of relief available to the Tribe; if the Court does not

27  enjoin the liens, Plaintiff would be unable to obtain damages

28  from Defendants because of the state's own immunity.  <u>See</u> <u>Ex</u>

                                    13

1  parte Young, 209 U.S. 123, 167-68 (1908); Agua Caliente Band of

2  Cahuilla Indians v. Hardin, 223 F.3d 1041, 1048 & n.7 (9th Cir.

3  2000).  And this unavailability of alternate remedies makes the

4  harm from the violation of sovereign immunity irreparable.  See

5  Cal. Pharmacists Ass'n v. Maxwell-Jolly, 563 F.3d 847, 852 (9th

6  Cir. 2009) ("[B]ecause [plaintiffs] will be unable to recover

7  damages against the Department even if they are successful on the

8  merits of their case, they will suffer irreparable harm if the

9  requested injunction is not granted."), vacated on other grounds

10  sub nom. Douglas v. Indep. Living Ctr. of S. California, Inc.,

11  132 S. Ct. 1204 (2012).

12            4.   Public Interest

13       Although the parties offer little argument on this subject,

14  the Court concludes that the public interest would not be

15  disserved by a permanent injunction.  See Keweenaw Bay Indian

16  Cty. v. State, 11 F.3d 1341, 1348-49 (6th Cir. 1993) (stating

17  that upholding sovereign immunity "served the fundamental public

18  interest goal of respecting tribal sovereign immunity") (citing

19  Wichita & Affiliated Tribes of Oklahoma v. Hodel, 788 F.2d 765,

20  777 (D.C. Cir. 1986)).

21       //

22       //

23       //

24       //

25       //

26       //

27       //

28       //

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

III.   ORDER

For the reasons set forth above, the Court DENIES Defendants' request to defer adjudication and GRANTS Plaintiff's motion for summary judgment. Plaintiff shall submit a proposed form of Judgment to the Court within ten days of this Order.

IT IS SO ORDERED.

Dated: May 12, 2015

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE